## PRESTON et al. v. LEWIS.

No. 4170. Opinion Filed July 20, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 485.)

1. **APPEAL AND ERROR—Presentation in Court Below—Demurrer.** This court will not consider error assigned in permitting a misjoinder of causes of action, when the record fails to show that a demurrer upon this ground was filed in the trial court, notwithstanding the fact that the action was originally commenced in justice court.

2. **TORTS—Joint Tort-Feasors—Liability—Evidence.** All persons who, to any extent, engage in a course of action which occasions unlawful injury to the personal property of another, are liable as joint tort-feasors; but it is essential, in order to warrant a recovery upon this ground, that there be both allegation and proof of actual participation in the commission of such tort.

(Syllabus by Crow, C.)

*Appeal from County Court, Canadian County;*
*W. A. Maurer, Judge.*

Action by Frank Lewis against Charles Preston and others, begun in justice court, and appealed to the county court. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

*H. L. Fogg,* for plaintiffs in error.

*Jas. L. Brown* and *Floyd Wheeler,* for defendant in error.

Opinion by CROW, C. This action was commenced by defendant in error in a justice court of Canadian county to recover the sum of $180, in which he claims to have been damaged by reason of injuries to a team belonging to him, and the further sum of $3, claimed as the reasonable value of the services of said team. The record

discloses that on October 29, 1911, the plaintiff in error
Charles Preston in the village of Richland, Canadian
county, obtained a certain team of horses from the de-
fendant in error, Frank Lewis, for the avowed purpose
of driving, in company with the other three plaintiffs in
error, to Yukon and back that night to attend a lodge
meeting. After the drive was made, and the team re-
turned to defendant in error, Lewis, it is alleged that the
injuries to said team were discovered.

Plaintiffs in error, in their brief, insist that the trial
court erred in permitting a misjoinder of causes of action;
one of the causes beng an action in tort, and the other
on implied contract. The record nowhere shows that
this point was ever raised in the court below, and for that
reason we shall refuse to consider it here. The liberality
with which higher courts regard the matter of pleadings
in justice courts did not relieve plaintiffs in error of the
necessity of filing a demurrer in one of the trial courts,
if they intended to urge the question of a misjoinder on
appeal.

We shall now consder together the first and second
assignments of error, which are based upon the court's
refusal to direct the jury to return a verdict in favor of
the three last-named plaintiffs in error, defendants below.
The record is uncontradicted that all the negotiations rela-
tive to the letting of the team were between defendant in
error Lewis and plaintiff in error Preston. The record
further shows that Lewis was informed as to what Pres-
ton intended to do with the team, and who was to accom-
pany him on the trip. The proof is conclusive that Pres-
ton took charge and control of the team when it was
obtained from Lewis, and exercised complete and ex-
clusive management and control thereof until the team

was returned to Lewis, doing all the driving of the team himself. The mere fact that Walker, O'Brien, and Donaghe rode in the same vehicle with Preston, and that Donaghe assisted in unhitching the team when it was returned and put in Lewis' corral, certainly would not render them liable for alleged injuries to said team resulting from hard driving. In the case of *Mead v. Zang Brewing Co.,* 43 Colo. 1, 95 Pac. 284, the court says:

"To make persons jointly liable for a tort, it must appear in some way that it was the result of their joint action or joint negligence."

We think there was a complete failure of proof as to plaintiffs in error Walker, O'Brien, and Donaghe, and the county court should have directed the jury to return a verdict in their favor, and committed error in overruling their motions for directed verdicts.

We recommend that the judgment of the county court of Canadian county be therefore reversed, and the cause remanded for a new trial.

By the Court : It is so ordered.