## COOK, Adm'r, v. FISHER et al.

No. 10504—Opinion Filed Feb. 28, 1922.

(Syllabus.)

**1. Pleading— Petition — Insufficiency — Demurrer.**

In considering a demurrer to the petition, it is the duty of the court to examine the petition, and if the petition, taken as a whole, and upon giving full import and consideration to all the inferences that may be legally drawn therefrom, fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, it is not error for the court to sustain such demurrer.

**2. Same—Action by Administrator to Recover Money Paid Under Order of Court.**

The petition examined, and held, that it failed to state a cause of action in favor of the plaintiff and against the defendants.

Error from District Court, Pottawatomie County; Charles B. Wilson, Jr., Judge.

Action by R. W. Cook, administrator of the estate of Enos Nichols, deceased, against Alexander Fisher et al. Defendants filed a demurrer to the amended petition, which was by the court sustained. Plaintiff elected to stand on his petition and appealed. Judgment of the trial court sustaining the demurrer affirmed.

T. G. Cutlip, for plaintiff in error.

E. E. Hood, J. D. Lydick, and Roscoe C. Arrington, for defendants in error.

MILLER, J. This action was commenced in the district court of Pottawatomie county by R. W. Cook, administrator of the estate of Enos Nichols, deceased, as plaintiff, against Alexander Fisher, American Surety Company, a corporation, E. E. Hood, and Roscoe C. Arrington, as defendants.

On October 1, 1917, by leave of court, the plaintiff filed an amended petition, to which the defendants filed a demurrer setting forth 14 specific grounds. On November 4, 1918, the trial court sustained said demurrer. The order of the court sustaining said demurrer, as set forth in the amendment to the transcript, is in part as follows:

"Thereupon by agreement of all parties of said suit had been made in open court, the said demurrer of Roscoe C. Arrington was and is hereby considered, adjudged, and decreed to be amended so as to be the demurrer of all the defendants in the above entitled action; the court upon hearing the argument of counsel on the demurrer of all the defendants and being fully advised in the premises, sustains said demurrer, to which ruling the plaintiff excepts and exceptions were by the court allowed.

"Thereupon the plaintiff elected to stand upon his petition and refused to plead further, and thereupon the court dismissed said action at the cost of plaintiff, and plaintiff gave notice of appeal to the Supreme Court of the state of Oklahoma."

This is the order appealed from by the plaintiff in the court below, who appears here as plaintiff in error. For convenience, the parties will be referred to as plaintiff and defendants.

The facts, as disclosed by the transcript, are as follows: Enos Nichols died intestate in Pottawatomie county, Oklahoma, December 21, 1911. On February 1, 1912, Alexander Fisher was, by the county court of Pottawatomie county, appointed administrator of the estate of Enos Nichols, deceased. On a hearing to determine heirship, Harriett H. Nichols Cook (sometimes referred to as Harriett N. Cook) was, by said county court, decreed to be the next of kin and entitled to the estate of Enos Nichols, deceased. Harriett N. Cook died in Salem county, N. J., and J. Warren Davis was appointed executor of her will by the orphan's court of said county. J. Warren Davis employed J. Mercer Davis as his attorney to represent him as such executor.

Thereafter, and on November 19, 1913, J. Mercer Davis, as attorney for J. Warren Davis, executor, executed a memorandum of agreement, from which agreement it clearly appears that certain other persons had appeared in the county court of Pottawatomie county and set up their claim as heirs of Enos Nichols, deceased; they had been represented by attorneys and had either taken appeals or were about to take appeals from the decision of the county court decreeing Harriett N. Cook to be the next of kin and sole heir to Enos Nichols, deceased. By this memorandum of agreement entered into J. Warren Davis, as executor of the last will and the estate of Harriett N. Cook, deceased, acting by and through his attorney, J. Mercer Davis, agreed with the other persons claiming to be heirs and entitled to a portion of the estate of Enos Nichols, deceased, that Alexander Fisher, administrator, should pay certain sums of money to these claimants and certain attorney fees and other items to be paid, and that said Alexander Fisher, as administrator, should file his report and the court should approve these payments, and thereupon all appeals should be dismissed and withdrawn.

On November 21, 1913, the county court made the following order:

"And now on this 21st day of November, 1913, there came on regularly to be heard pursuant to the agreement of all parties who have appeared in this action, the report of Alex Fisher, the administrator, filed on this date. The court hears evidence in support thereof and being fully advised in the premises, finds that said report ought to be approved in all respects."

"It is therefore by the court duly considered, ordered, adjudged, and decreed that said report be and the same is hereby approved in all respects."

The plaintiff in this action seeks to recover from the defendants $18,500 that was paid by Alexander Fisher, as administrator, pursuant to this agreement and with the approval of the county court. The plaintiff sets out nine specifications of error in his petition in error. In his brief they are discussed under three propositions as follows:

"First: Because the court erred in rendering judgment on the demurrer and dismissing the action, holding and deciding that the cause of action stated in the amended petition was barred by the three-year statute of limitation.

"Second: The order of the court provides that there came on regularly to be heard,

pursuant to the agreement of all parties who have appeared in this action, the report of Alex Fisher this day filed; and the court hearing evidence thereon, and being fully advised, finds that said report should be approved, and in all respects approved the same.

"Third: The court erred in holding that the cause of action stated in second count of the amended petition was barred by three-year statute of limitation in favor of E. E. Hood and Roscoe C. Arrington."

The first and third propositions are evidently based upon a purported order of the court appearing in the transcript which finds that the causes of action were barred by the statute of limitations. The order set out in the amendment to the transcript, which we have quoted above does not set out the specific grounds upon which the demurrer was sustained. The real question presented on this appeal is, Did the court commit error in sustaining the demurrer? If it should have been sustained upon any of the grounds set forth in the demurrer, then the plaintiff cannot complain, even though the court assigned the wrong reason for sustaining the demurrer, or sustained it upon a ground upon which it should not have been sustained. However, we are not passing upon the question of the statute of limitation as that is unnecessary. We think the petition fails to state a cause of action. This is an attempted collateral attack upon the order and judgment of the county court. Harriett N. Cook was by the county court of Pottawatomie county decreed to be the next of kin and entitled to the estate of Enos Nichols, deceased. As such sole heir she could have executed the memorandum of agreement above referred to and asked that the administrator pay out certain sums of money to her adverse claimants and that the court approve the report of the administrator, and thus effect a compromise and settlement with those claiming adversely to her. Had she done this, her heirs would have been bound by such compromise and settlement. The executor of her will could enter into an agreement for the same purpose that she could, especially if he was authorized to do so by the court appointing him as such executor. For the purpose of reviewing the order of the court on this demurrer, we must presume that he had the authority and that he was acting within the scope of his authority. If J. Warren Davis,

as executor, did not have the authority to make the settlement, or if the heirs and devisees of Harriett N. Cook were aggrieved by the acts of J. Warren Davis, as executor, in making the settlement, their action is against him as executor and his bondsmen for dissipating the estate of Harriett N. Cook.

It is contended that J. Mercer Davis, as attorney for J. Warren Davis, executor, did not have authority by virtue of his employment as attorney to execute the memorandum of agreement in behalf of J. Warren Davis, executor. The plaintiff is not in a position to question this authority. J. Warren Davis, the executor, has not questioned it, and from the fact that more than three years has elapsed it would conclusively appear that he had ratified it.

The plaintiff contends that the report upon which the order of the county court of November 21, 1913, is based was the final report of Alexander Fisher as administrator, and that the notice was not given as provided for in section 6440, Revised Laws 1910, and the proof thereof was not made as provided in section 6444, Revised Laws 1910. The order on its face does not appear to have been made as an order approving a final report and distribution of the estate by the administrator. Therefore, this contention is without merit. The order recites that all parties who had appeared in the action were agreeing to the order, and as Harriett N. Cook, by the executor of her will, J. Warren Davis, appeared, the heirs and devisees of Harriett N. Cook, deceased, who was the sole heir, cannot complain. We are at a loss to understand on what theory the plaintiff in this action could proceed, when the real party in interest has already consented to the orders made.

The petition, with the exhibits thereto attached, consisting of the memorandum of agreement and order of the county court approving the payment of the money sought to be recovered in this action, when construed together, not only fail to state a cause of action, but preclude plaintiff's right to recover.

The judgment of the trial court sustaining the demurrer is affirmed.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.