## WHITE v. SHAWNEE MILLING CO.

No. 14362 —Opinion Filed Nov 27, 1923.

Rehearing Denied Jan. 15, 1924.

1. **Torts—Right of Action Against Shipper for Causing Discharge of Railroad Employe—Discharge Resulting from Violation of Legal Rules by Both Parties.**
Where the petition of the plaintiff shows upon its face that it is founded upon a violation of the rules of the interstate commerce commission and the rules of the plaintiff's employer, and the violation of such rules was participated in by the plaintiff and defendant, and such rules and regulations were well known, or by reason of long service of the plaintiff with his employer, should have been known to the plaintiff, no recovery can be had by plaintiff against his joint transgressor for damages flowing from such forbidden act.

2. **Same—Insufficiency of Petition.**
Where petition of plaintiff fails to show any causal connection between his own unlawful or forbidden acts, and the defendant, which acts resulted in plaintiff's discharge by his employer, such petition fails to state a cause of action against the defendant, and a demurrer is properly sustained.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garvin County: W. L. Eagleton, Judge.

Action by W. C. White against the Shawnee Milling Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Bowling & Farmer, for plaintiff in error.

E. C. Stanard and C. H. Ennis, for defendant in error.

Opinion by RUTH, C. This action was filed in the district court of Garvin county,

by plaintiff in error, plaintiff below, wherein he sought to obtain judgment in damages against the defendant in error, defendant below, and the parties will be designated as they appeared in the trial court.

A copy of plaintiff's petition is herein set forth, omitting caption:

"The plaintiff for cause of action against the defendant alleges:

"1st. That he is a resident of Garvin county, Okla., and that the defendant is a corporation organized and existing under and by virtue of the laws of the state of Oklahoma, with its principal place of business at Shawnee, Okla., and doing business at Pauls Valley, Okla., under the trade name of the Pauls Valley Milling Company.

"2nd. That on or about the 2nd day of July, 1921, plaintiff was the agent of the Gulf, Colorado & Santa Fe Railway Company at Pauls Valley, Okla., and the defendant was doing business at Pauls Valley, Okla., under the trade name of the Pauls Valley Milling Company, and had been for a long period thereto. That on said date, the defendant, acting by and through its agents, servants and employees, obtained from the plaintiff, as agent and employee of the said railway company, one certain bill of lading, towit:

"Form No. 18-A, regular, approved by the Interstate Commerce Commission by order No. 787 of June 27, 1909, including provisions to conform with the requirement of the Cummings Amendment to the act to regulate commerce, effective June 2, 1915, for Car No. 21593, consigned to order of shipper, destination Gainesville, Texas, for the Whaley Mill and Elevator Company of Gainsville, Texas. Car loaded with bulk white corn, weight 61,824 pounds, shipper—Pauls Valley Milling Company. A true and exact copy of said bill of lading is filed herewith as part hereof and marked "Exhibit A". That in order to obtain said bill of lading the defendant, acting by and through its agent, servants and employees came into the depot of said railway company at Pauls Valley, Oklahoma, where the plaintiff was at work, at or near the hour of 4:00 o'clock p. m. on said date of July 2, 1921, and told plaintiff that it had this certain car, described in said bill of lading, loaded and in the yards at Pauls Valley and wanted to get the bill of lading in order to get it in the bank at Pauls Valley, Oklahoma, before the said bank closed. That defendant being a customer of said railway company of long standing and frequently getting bills of lading of the sort set out herein, the plaintiff issued to defendant the said bill of lading without making an investigation or inspection to find out whether or not said car was loaded and in the yards of the said railroad company at Pauls Valley, Oklahoma, as stated by the defendant to the plaintiff, at the time and

delivery of said bill of lading to the defendant. That later it was discovered by the said railway company and by the said plaintiff, that at the time the defendant was not entitled to the said bill of lading, that no such car described in said bill of lading was in the yards at Pauls Valley and that said bill of lading was obtained by defendnt by and through the false and fraudulent representations of the agents, servants and employees of the said defendant, with the intent, then and there, on the part of the said defendant, its agents, servants and employees to cheat and defraud in order to meet a contract it had with the said Whaley Mill and Elevator Company which expired on July 2, 1921, all of which acts and doings on the part of the said defendant were in violation of the laws of the State of Oklahoma and to the laws, rules and regulations of the Interstate Commerce Commission as well known by the defendant, its agents, servants and employees, at the time of obtaining by it, the said bill of lading. That at such time the said railway company had such rules and regulations governing and controlling its business transactions and dealings, that the issuance of a bill of lading by its agents and employees as was done in this case, was against the rules and regulations of the said railway company to such an extent that it meant an absolute discharge of the agent and employee so issuing such bill of lading all of which was well known to the defendant, its agents, servants and employees, and all of which they well knew at the time of the obtaining of the said bill of lading herein set out, and that said defendant well knew that in addition to its obtaining the property herein by its false and fraudulent representations to meet its said contract, as herein-before set out, it would also cause plaintiff herein to lose his job with the said railway company and that all of said acts on the part of the defendant, its agents, servants and employees, was without justification, and all of which action on the part of the defendant, its agents, servants and employees, caused the actual discharge of the plaintiff from his employment with said railway company, to plaintiff's great loss and damage. That plaintiff having absolute confidence in defendant, its agents, servants and employees, relied upon their statements to him at the time of the issuance of the said bill of lading and had no thought of their misleading him and wrongfully obtaining said bill of lading, as heretofore set out, or of their intentions of causing him to lose his employment.

"That plaintiff has been employed by said railway company for about 20 years and has received promotion after promotion until he was agent for the said company at Pauls Valley, Oklahoma, a position considered extraordinarily good and which was paying him a salary at the time of this occurrence, in the sum of $218.00 per month. That by reason of the acts of the defendant and of the fault of the defendant, plaintiff was dis-

charged from the services of said company on or about the 3rd day of September, 1921, and has not worked for said company since said date and cannot secure work from said company on account of the wrongful acts of the defendant. That from the date of his discharge to date a period of eight months, plaintiff has lost the sum of $1,744.00. That plaintiff has diligently tried to obtain employment in the only line of business that he knows, that of railroading, and has traveled in search of employment to different parts of the United States, working for a while in Nevada and Wyoming as an extra hand and has earned since said time, less expenses of traveling and looking for work and additional and extra cost of living away from home, the sum of $344.00, thereby reducing his loss to the sum of $1,400.00. That plaintiff owns his home in Pauls Valley, Oklahoma, but for the unlawful and wrongful acts of the defendant, would be able to continue his work at Pauls Valley for an unlimited time.

"3rd. Plaintiff further shows that by reason of the wrong of the defendant, as heretofore set out, in causing him to be discharged from the said railway company, at this time of his life and from the only kind of employment that he knows anything about and making it practically impossible for him to secure employment with other railway companies and that it is much harder for a man of his age to secure employment especially after being discharged under such conditions as heretofore set out and the likelihood of his never being able to secure another position with a railway company where his earning capacity would be as great as that at the time of his discharge, he has been further damaged in a sum of not less than $2,500.00.

"4th. Plaintiff further alleges that the acts of the defendant heretofore set out, were malicious, unjustifiable and without probable cause, with the intent then and there on the part of the defendant to injure the plaintiff whereby he sustained punitive damages in the sum of $2,500.00.

"Wherefore, plaintiff prays for a judgment against the said defendant, in the sum of $6,400.00, and for all the costs of this action and for such other relief as the plaintiff is entitled to in the premises."

The defendant filed its motion to require the plaintiff to make his petition more definate and certain, by requiring plaintiff to give the name, or residence, or description of the alleged agent of defendant who secured the bill of lading; to set out the rules and regulations of the Interstate Commerce Commission that had been violated, and the rules and regulations of the railway company decreasing absolute discharge of an employe issuing a false bill of lading.

Upon the overruling of this motion, the defendant filed its demurrer for that "the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff". The demurrer was by the court sustained; the plaintiff refused to amend, and upon dismissal of the action this cause is regularly brought here for review.

The petition is open to several objections:

(1) Plaintiff did not attempt in his petition to identify the person obtaining the bill of lading, but contented himself with alleging he was an agent, servant, or employe of the defendant.

(2) Does not attempt to show that such person was a person by the defendant entrusted with the securing of a bill of lading, or that it was such person's duty, or that he had authority to obtain the bill of lading.

(3) Plaintiff admits that the acts were in violation of the laws of the state of Oklahoma; in violation of the rules of the Interstate Commerce Commission, and in direct violation of the rules of his employer, the railway company; that plaintiff had been in the employ of the railway company for 20 years and knew a violation of this rule would mean immediate and absolute discharge.

(4) The petition does not charge the defendant with conveying to the railway company, plaintiff's employer, any information concerning the issuance of the false bill of lading.

(a) Plaintiff does not attempt to show that this bill of lading was ever exhibited to plaintiff's employer and for aught the petition discloses, the bill of lading may have been kept by the party obtaining it, whoever he may have been, and no human eye ever thereafter rested upon it, and no information respecting its issuance ever conveyed to plaintiff's employer, and this omission alone would render the petition demurrable.

(b) The action is founded upon an illegal act alleged to have been participated in by plaintiff and some party, unnamed, but alleged to have been an employe of the defendant, and both plaintiff and defendant knew the acts were unlawful or forbidden.

"The rule is well settled that if a party suffers injury while violating a public law, the other party being also a transgressor, he cannot recover for the injury if the unlawful act was the cause of the injury." Railway Co. v. Beggs, 28 Am. Rep. 613. Railway Company v. Brooks, 81 Ill. 245; Railroad Company v. Michey, 83 Ill. 247; Frye v. Railway Company, 77 Ill. 399; Heland v. City of Lowell, 81 Am. Dec. 670.

The same rule obtains in England.

"The principle of public policy is this; No court will lend its aid to a man who founds his cause of action upon an immoral

or illegal act." Lord Mansfield, in Holman v. Johnson, Comp. 343.

Finding no error in the record, and for the reasons above set forth, the judgment of the trial court sustaining the defendant's demurrer to the plaintiff's petition should be affirmed.

By the Court: It is so ordered.