## HARRIS v. DILDINE, Rec., et al.

No. 16968—Opinion Filed Oct. 19, 1926.

Rehearing Denied Dec. 14, 1926.

### Pleading—Insufficiency of Petition on Demurrer.

In considering a demurrer to the petition, it is the duty of the court to examine the petition, and if the petition, taken as a whole, and upon giving full import and consideration to all the inferences that may be legally drawn therefrom, fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, it is not error for the court to sustain such demurrer.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Monroe Harris against W. O. Dildine, receiver, Citizens Trust Company, and Fred W. Farrer. From a judgment sustaining defendants' demurrer to plaintiff's petition, plaintiff appeals. Affirmed.

P. J. Dickerson, for plaintiff in error.

Grinstead, Scott, Hamilton & Gross, for defendants in error.

Opinion by RUTH, C. This record, together with all briefs herein filed, has been considered with as consummate care as any case before this court, for the reason that this appeal was permitted to be filed upon an affidavit "forma pauperis," and it is our desire to convey to all citizens the fact that they will be accorded the privilege of coming into the courts of this state with the full assurance that their rights will be preserved by this court regardless of their affluence or poverty.

This record is certified to this court as a "case-made," but it is not such in any sense of the term, but if it can be considered as anything, it will be as a "transcript."

We are confronted at the outset with the defendants' motion to dismiss the appeal upon the ground of failure of the "case-made" (transcript) and briefs to comply with the rules of this court, and while we are wholly in accord with the defendants' objections as set forth in the motion to dismiss, the court, for the reasons hereinbefore stated, will overrule the motion to dismiss and consider the judgment of the trial court in sustaining the defendants' demurrer to plaintiff's petition.

The best we can gather from the record and the briefs, it would appear that prior to the filing of the petition in the instant case, Monroe Harris had filed some sort of an action against Fred W. Farrer, and Farrer had filed an action against Harris, and those causes, it appears, were consolidated in the district court of Osage county. It would appear that a foreclosure of mortgage in real property was involved in one of these actions, and Farrer moved the court to appoint a receiver for Harris' property upon the ground that the value of the property was insufficient to pay the mortgage debt, taxes due, etc.

The court made an order appointing W. O. Dildine receiver, and the journal entry of such appointment shows the O. K. of able and reputable attorneys representing Monroe Harris. The report of the receiver discloses he filed his report on April 3, 1924, after being in charge of the property approximately ten months, and the report shows an itemized statement of receipts amounting to $1,828.45, and disbursements for taxes and insurance amounting to $976.99, plus $18 court costs, and but $80.91 for repairs. This report was duly approved by the court, and the receiver reported cash on hand in the sum of $752.55, and was allowed $150 for ten months' services.

The receiver's report was approved April 3, 1924, and this cause of action was instituted April 3, 1924, by counsel now appearing on the brief, and the praecipe for summons is indorsed as follows:

"Unlawful expenditures: unreasonable bills and charges and damages for failure to close sales for plaintiff's properties, and prays damages in the sum of $7,749.68, and other additional amounts as may be shown by evidence, or other loss or damages and 1 per cent. interest from August, 1923, until paid."

We gather from the record that the Citizens Trust Company was the surety on the receiver's bond, but this company is in no manner mentioned in the petition except in the title. It is not suggested the trust company was surety for the receiver, and no cause of action was stated against it in any manner.

There is no allegation in the petition that the defendant Fred W. Farrer had made any unlawful expenditures, contracted any unlawful bills, or refused to close any sales, and therefore the petition stated no cause of action against the defendant Frank W. Farrer.

Plaintiff alleges he was not notified of the application for a receiver, but as before stated, he was represented by reputable attorneys who approved the journal entry. Plaintiff alleges "wasteful, prodigal and unnecessary expenditures" by the receiver, but this is not borne out by the exhibits attached to the petition.

"A receiver is vested with discretion to manage and control the property intrusted to him in such manner as an ordinarily prudent business man would manage and control his own property." McKennon v. Pentecost, 8 Okla. 117, 56 Pac. 958; Interstate Mortgage & Trust Co. v. Cunningham, 78 Okla. 65, 188 Pac. 1081.

Plaintiff further alleges he could have sold his property at a profit, and executed a deed and delivered it to the receiver, and told the receiver to see the court and make the deal. This was no part of the receiver's duties, and was not within the power of the receiver, who was appointed for the sole purpose of collecting rents, paying taxes and insurance, and protecting the property, and the petition of plaintiff stated no cause of action against the defendant W. O. Dildine, receiver.

"In considering a demurrer to the petition, it is the duty of the court to examine the petition, and if the petition, taken as a whole, and upon giving full import and consideration to all the inferences that may be legally drawn therefrom, said petition fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, it is not error for the court to sustain such demurrer." Cook v. Fisher et al., 85 Okla. 109, 204 Pac. 927.

After careful examination of the whole record, this court can conceive of no theory upon which the petition could be construed as stating a cause of action against any of the defendants, and the judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.