## PANTHER v. McKNIGHT.

No. 17374. Opinion Filed Nov. 23, 1926.

Rehearing Denied June 14, 1927.

**1. Action—Joinder of Causes of Action on Contract and for Tort.**

Cause of action on contract may be joined in separate count with cause of action on tort when both causes of action arise out of the same transaction.

**2. Breach of Marriage Promise—Consideration—Effect of Sexual Intercourse.**

A promise to marry in consideration of sexual intercourse is invalid because based on an immoral consideration; but the mere fact that there has been sexual intercourse between the parties, either before or after the promise, does not invalidate a promise not made in consideration of such intercourse.

**3. Contracts—Liability not Avoided by Party's Own Wrong.**

A party to a contract cannot take advantage of his own wrong to escape liability thereon.

**4. Torts—Unlawful Acts — No Recovery Where Parties in Pari Delicto.**

As a general rule, a party who suffers an injury while engaged in an illegal transaction, the other party being also a transgressor, cannot recover for the injury if the unlawful act was the cause thereof; but in order for this rule to obtain the parties must be in pari delicto.

**5. Same—Recovery Regardless of Fraud Practiced by Defendant.**

The violation of a public law by defendant resulting in damages to the plaintiff gives rise to a cause of action in favor of the plaintiff for such damage regardless of whether fraud or deceit was practiced by the defendant.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Belle McKnight against Clark Panther. Judgment for plaintiff, and defendant appeals. Affirmed.

Wilson, Murphey & Duncan, for plaintiff in error.

A. M. Widdows, Frank T. McCoy, and John T. Craig, for defendant in error.

Opinion by JARMAN, C. This was an action by Belle McKnight against Clark Panther for the recovery of damages based upon two causes of action, resulting in judgment for plaintiff on both causes of action, from which the defendant has appealed.

As the first cause of action, the petition of the plaintiff alleges that on or about July 1, 1923, the plaintiff and the defendant entered into a marriage contract, and thereafter the defendant procured plaintiff to go with him to Joplin, Mo., on or about August 9, 1923, where the defendant obtained a marriage license and a marriage ceremony was performed, and the plaintiff, in good faith, believing that the defendant and she were lawfully married, entered into the marriage relation with the defendant, and cohabited with him as his wife from that date until September 23, 1923, when the defendant abandoned the plaintiff and instituted suit to annul said marriage; that after said marriage ceremony and the plaintiff had cohabited with the defendant as his wife, she learned that the defendant, at the time of the performance of said marriage ceremony and entering into the marriage relation, had not been divorced from his former wife for a period of six months as required by law, and that said marriage was void; that the plaintiff advised defendant that she had learned of this condition, and the defendant thereupon agreed that upon the expiration of six months from the date of his divorce from his former wife he would enter into a new and legal marriage with the plaintiff, to which the plaintiff agreed; that the defendant failed and refused to marry the plaintiff after the expiration of said six

months' period; that after said marriage ceremony, and believing that she was the lawful wife of the defendant, she continued to live with the defendant, who held her out to the public generally as his wife, and introduced her as such, and upon learning that she was not legally married to the defendant and upon his desertion of her, she was greatly humiliated and suffered mental anguish, and by the failure and refusal of the defendant to fulfill his promise and agreement to legally marry the plaintiff, after the expiration of six months from the date of his divorce from his former wife, the plaintiff was deprived of the society, affection, comfort, and support of the defendant, and all to her damage in the sum of $20,000.

As the second cause of action, the petition of the plaintiff alleges that, as a result of her cohabitation with the defendant, under the belief that she was his wife, the defendant communicated to her a certain venereal disease, thereby seriously and permanently impairing her health and necessitating undergoing painful medical treatment, resulting in a condition which will ultimately require a serious operation; that by reason thereof she has been damaged in the sum of $10,000.

The first assignment of error urged by the defendant is that the court erred in overruling the demurrer to plaintiff's petition on the ground of misjoinder of causes of action. Defendant insists that the cause of action for breach of promise to marry is founded on contract, and the remaining cause of action, that defendant communicated to plaintiff a venereal disease, is one based on tort; and that such causes of action cannot be joined in the same petition.

Section 226, C. S. 1921, provides that the "plaintiff may unite several causes of action in the same petition * * * where they all arise out of * * * the same transaction." It is well settled that tort and contract may be joined in separate counts in the same petition when they arise out of the same transaction. Aylesbury Merc. Co. v. Fitch, 22 Okla. 475, 99 Pac. 1089. The determining question, therefore, is whether the two causes of action above referred to arose out of the same transaction. The term "transaction," as employed in said section 266, supra, has reference to all the acts which go to make up one entire group, system, or plan. Stone v. Case, 34 Okla. 5, 124 Pac. 960. The group, system, or plan, out of which the said causes of action arose in the instant case, was the attempted marriage of the parties

at Joplin, Mo., and their subsequent cohabitation, a concomitant of marriage; the cause of action for communication of venereal disease, a tort. and the cause of action for breach of promise of marriage, based on contract, arose and grew out of the same transaction, and, therefore, were properly joined.

The defendant insists that the court erred in rendering judgment against him on plaintiff's first cause of action, for the reason that the verdict was not supported by the evidence and was contrary to law. Under this assignment, defendant contends that the evidence shows that defendant's promise to remarry plaintiff, after the expiration of the six months' period, was based upon the immoral consideration that the parties should continue their illegal cohabitation until the time arrived when they could be married legally. If the consideration for the promise to remarry was based upon the consideration of future illicit cohabition, an immoral consideration, such promise is void. The jury was instructed to this effect, but, by the verdict, the jury found that the promise to remarry was not based upon such consideration. and the evidence fully supports the verdict on that issue.

As a second proposition, under the assignment that the verdict is not supported by the evidence and is contrary to law, the defendant contends that plaintiff was incapacitated from entering into a contract of marriage for the reason that she was afflicted with a venereal disease. Defendant bases this contention on section 9008, C. S. 1921, which provides that any person who shall, after becoming an infected person marry any other person or expose any other person by the act of cohabitation or sexual intercourse to such venereal disease, shall be guilty of a felony, and upon conviction shall be punished by confinement in the penitentiary for not less than one nor more than five years. It is sufficient to say in disposing of this contention that the venereal disease with which the plaintiff was suffering was communicated to her by the defendant, and the defendant will not be permitted to take advantage of his own wrong to escape liability on the contract.

The defendant insists that the plaintiff cannot recover on her second cause of action for the reason that the disease complained of was communicated during the time she illegally cohabited with the defendant. The defendant insists that the plaintiff violated the law of this state. by illegally cohabiting with the defendant, and invokes the rule

that, where a party suffers an injury while violating a public law, the other party being also a transgressor, he cannot recover for the injury if the unlawful act was the cause thereof. White v. Shawnee Milling Co., 94 Okla. 260, 221 Pac. 1029. There is a well-recognized exception to the foregoing rule, however, which recognizes that the parties must be in pari delicto in order for the rule to obtain. 1 C. J. 960. If the parties to a transaction which is in violation of a public law are in pari delicto with each other, each is estopped to take advantage of his own wrong for the purpose of recovering damages for an injury sustained by the wrongful act of the other. The question, therefore, is, Were the plaintiff and the defendant in equal wrong? The record shows that the plaintiff had implicit confidence in the defendant, and that he advised her that a legal marriage ceremony could be performed without the state of Oklahoma; that the plaintiff, prior to the marriage. and as an extra precaution, consulted an attorney, who advised her that, in his opinion. the contemplated marriage ceremony between plaintiff and defendant without the state of Oklahoma would be valid, notwithstanding the fact that six months had not expired from the date defendant was divorced from his former wife; that after the marriage ceremony was performed in the state of Missouri, the plaintiff cohabited with the defendant in the belief that the marriage was lawful. Under these conditions, and while the plaintiff and the defendant were thus cohabiting, the defendant, with full knowledge of the loathsome venereal disease with which he was afflicted, had sexual intercourse with the plaintiff; she, at the time, having no knowledge of and not even suspecting that he was thus afflicted. Under such circumstances, clearly it cannot be said that plaintiff and defendant were in pari delicto; therefore. the rule contended for by defendant is not applicable.

Defendant further contends that the plaintiff could not recover damages for the communication to her of a venereal disease. unless. the marriage and the acts of intercourse were. procured through fraud, deceit, or other artifices practiced by the defendant. This position is untenable for the reason that section 9008, C. S. 1921, made the communication of the venereal disease by defendant to plaintiff a felony; and such violation of law by the defendant having resulted in damage to the plaintiff, gives rise to a cause of action in her favor for such damage. regardless of fraud practiced by defendant. C., R. I. & P. Ry. Co. v. Pitchford. 44 Okla.

197, 143 Pac. 1146; Whitehead Coal Min. Co. v. Pinkston, 71 Okla. 124, 175 Pac. 364.

Defendant complains of certain instructions, but we have disposed of these contentions in connection with the other propositions above referred to.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 1 C. J. p. 1087, §244; anno. 10 A. L. R. 756; 1 R. C. L. p. 362 et seq ; 1 R. C. L. Supp. p. 115; 4 R. C. L. Supp. p. 22; 6 R. C. L. Supp. p. 15. (2) 9 C. J. p. 327, §12; 4 R. C. L. p. 145; 1 R. C. L. Supp p. 1071; 4 R. C. L. Supp. p. 254. (3) 1 C. J. p. 959, §52; 13 C. J. p. 697, §792. (4) 1 C. J. p. 958, §52; p. 960, §53; (anno.) 12 L. R. A. (N. S) 620; 6 R. C. L. p. 825; 2 R. C. L. Supp. p. 214; 5 R. C. L. Supp. p. 370. (5) 1 C. J. 954, §49.