## DE VALL v. STRUNK.

No. 10279.

Court of Civil Appeals of Texas. Galveston.

July 2, 1936.

L. M. Williamson, of Houston, for plaintiff in error.

J. W. Ragsdale, of Victoria, for defendant in error.

GRAVES, Justice.

This appeal is from a judgment of the trial court sustaining a general demurrer to, and dismissing the suit for damages based upon, this petition of the plaintiff in error against the defendant in error:

"II. Plaintiff (a feme sole) alleges that on or about October 15th, 1932, the defendant having theretofore promised to marry plaintiff herein, and under promise of said marriage and by virtue thereof, the said defendant obtained the consent and promise of plaintiff to have sexual intercourse with him and the said defendant did in the course of the said sexual intercourse, communicate to and infect plaintiff with vermin, commonly called crabs. The plaintiff was ignorant of what the said vermin or crabs were and was ignorant of any means of ridding her body thereof, and she continued to suffer mental and physical pain as result thereof, for a period of more than seven months.

"III. Plaintiff alleges that during the month of May, 1933, that she having communicated to the said defendant the fact that he had infected her with said vermin and he denied having done so and he publicly circulated reports in and around Hallettsville, in and around Lavaca County, where Plaintiff resides, to the effect that if Plaintiff was infected with crabs, that she had gotten them from negroes or other men. That prior to the said date of said infection and the reports, aforesaid plaintiff bore a good reputation of honorable and moral character in the said County of Lavaca, State of Texas, where she had been born and reared; that said reports and statements so made by said defendant were wholly false and untrue and that the only person with whom plaintiff had been guilty of immorality was with him, the said defendant, and that was acquired by reason of the promises of the said defendant to marry plaintiff herein. The said defendant deceived plaintiff by reason of said promises, he infected her with the said filthy vermin and ruined plaintiff's reputation and standing in the community where she resided, brought her fair name into disrepute and disgrace and greatly humiliated plaintiff, causing her great mental anguish.

"IV. That for each and all of said acts hereintofore complained of, the plaintiff says that she has been damaged by the said defendant in the sum of $25,000.00, for which sum she asks the Court to award her in this cause.

"V. Wherefore, plaintiff sues and prays that the said defendant be cited to answer this petition in the manner provided by law and upon final trial hereof, plaintiff have judgment for her said damages, together with all costs of this suit and that she have such further and other orders, judgments and decrees, both generally and specially in law and equity, as the Court may deem proper in the premises."

This court reverses the judgment and remands the cause.

Among the reasonable intendments and implications that must be read into the quoted petition, under the general demurrer, are these: (1) That the defendant initially obtained the consent of the plaintiff to have sexual intercourse with him upon the fraudulent promise on his part that he would marry her, which he knew at the time to be untrue, and which he never intended to nor did carry out; such being the legal meaning of the term "deceived" in such a setting. Ballentine's Law Dictionary, p. 335, 12 R.C.L. 230; 2 Words and Phrases, First Series, p. 1896; Black's Law Dictionary, p. 338. (2) That after so inducing her consent—she being at the time a woman of good moral character, reputation, and clean body, never having before been guilty of immorality with any other person, and not knowing what such a loathesome disease was—the defendant, in consummating his purpose, communicated to and infected plaintiff with the filthy vermin commonly called "crabs." (3) That some seven months after having so deceived and overreached plaintiff to her injury, when informed by her that he had so infected her, the defendant then falsely not only denied that he had, but further knowingly slandered her in her home community by publicly circulating reports to the effect that, if she had "crabs," she had gotten it from negroes, or from other men than himself. When thus clarified by what the pleader plainly meant to say, it seems clear that her petition did state a good

cause of action for the consequential damages she may show resulted to her from such an alleged visitation and imposition; that is, it presents an instance of ordinary fraud and its legal entailments, that is actionable in each of the three just-enumerated particulars.

In defense of the dismissal, the defendant in error relies mainly, in addition to a contention that no fraud was charged against him, upon the maxim, "nemo ex proprio dolo consequitur actionem," or, no one by his own fraud or wrong acquires a right of action, as enunciated in 1 Corpus Juris, at page 957, par. 52, and other cited authorities; but, had he read a little more in the same paragraph and volume, especially in succeeding paragraph 53 and annotations, he would have found that strict general rule applicable only where the participating parties in an illegal or immoral transaction are of equal guilt with reference thereto; such inhering qualification or exception, if it may properly be termed that, being equally as well understood as the bare rule itself, and being thus epitomized at page 960 of 1 Corpus Juris, with collation of many supporting cases: "The law also recognizes, even as between participants in the same illegal transaction, different degrees of culpability, and will permit a recovery where the parties are not in pari delicto, as where the complaining party has been induced to participate in the illegal transaction by fraud, duress, or undue influence, or through ignorance of its true nature." A somewhat similar cause near home, where that exception was applied by the Supreme Court of Oklahoma, is Panther v. McKnight, 125 Okl. 134, 256 P. 916.

The rule thus invoked by the defendant in error, properly construed, rises to confound him when applied to these averments, against him here, which, in testing the demurrer, must by this court be taken as true; because, whatever of either illegality or immorality the two of them together may have indulged in, the woman's deception—induced and unknowing yielding of her clean body to such a union with his disease-carrying one—could not, by any just standard this tribunal knows of, have left her act so culpable as his.

Further discussion is forborne, since these conclusions determine the merits of the appeal.

Reversed and remanded.