## PITTS et al. v. SOUTHWESTERN SALES CORPORATION et al.

No. 26250. Opinion Filed Dec. 22, 1936.

Rehearing Denied Feb. 2, 1937, Application for Leave to File Second Petition for Rehearing Denied March 2, 1937.

Norman Barker, for plaintiffs in error.

David R. Milsten, for defendants in error.

PER CURIAM. This action was instituted in the district court of Tulsa county by the plaintiffs in error, plaintiffs below, wherein they sought to obtain judgment in damages against the Southwestern Sales Corporation and the defendants in error, W. G. Skelly, Gustav Brandborg, and Kent Miller. In this opinion the parties will be designated as they appeared in the trial court.

The amended petition of plaintiffs is quite lengthy. In substance, it alleged the representative capacity of plaintiffs and the corporate existence of the defendant Southwestern Sales Corporation, and that said corporation was the owner and operator of KVOO Broadcasting Station; that plaintiffs had made a contract with said defendant for the use of the facilities of said station and that said defendant had breached the same to the plaintiffs' detriment. The grounds of complaint against the individual defendants were stated in the following language:

"The said W. G. Skelly is the president and owner of practically all of the capital stock of said Southwestern Sales Corporation, which owns said KVOO radio broadcasting station, and that in all of the wrongs complained of herein he was acting jointly in conspiracy with the other persons named as defendants herein and as practical owner and in full charge and control of said Southwestern Sales Corporation, and as employer of said defendants, Miller and Brandborg, who at the times herein complained of were employed by him to operate said KVOO, broadcasting station.

"That Gustav Brandborg and Kent Miller are employees, agents, servants and representatives of said Southwestern Sales Corporation, and are culpably and jointly liable for all of the wrongs against these plaintiffs, that are hereinafter complained of, alleged, declared, and described, and are jointly liable in damages, as tort-feasors, for the violation of the contract hereinafter described and as will hereinafter appear in this petition."

No specific acts of the individual defendants are set forth in the petition, other than as above shown.

Motion of the defendants to require the plaintiffs to make their amended petition more definite and certain by "stating which and/or who of the defendants referred to therein refused to further continue to perform the contract referred to therein," was overruled and denied. Separate motions of the defendants W. G. Skelly, Gustav Brandborg and Kent Miller to strike their names as parties defendants on the ground of improper joinder were likewise overruled and denied. Thereupon the Southwestern Sales Corporation filed a general demurrer to the amended petition, and the defendants W. G. Skelly, Gustav Brandborg, and Kent Miller filed their separate special demurrers to said amended petition on the grounds of improper joinder and failure of said amended petition to state facts sufficient to constitute a cause of action in favor of the plaintiffs and against each of said defendants. The demurrer of the Southwestern Sales Corporation was overruled and the action of the court thereon was acquiesced in by said defendant, and therefore is not involved in this appeal. The special demurrers of the individual defendants were sustained and plaintiffs refused to amend further, and upon the dismissal of the action as to said defendants plaintiffs prosecute this appeal.

As we said in Cook, Adm'r, v. Fisher, 85 Okla. 109, 204 P. 927:

"In considering a demurrer to the petition, it is the duty of the court to examine the petition, and if the petition, taken as a whole, and upon giving full import and consideration to all the inferences that may be legally drawn therefrom, fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, it is not error for the court to sustain such demurrer."

See, also, Harris v. Dildine, Receiver, 120 Okla. 214, 251 P. 76.

Essential averments lacking in a pleading, however, will not be construed into it, nor will necessary averments be supplied on inferences drawn from other facts alleged unless such averments must logically and necessarily be inferred therefrom. Westheimer v. Byrne, 110 Okla. 107, 236 P. 589; Emmerson v. Botkin, 26 Okla. 218, 109 P. 531, 29 L. R. A. (N. S.) 786, 138 A. S. R. 953.

Plaintiffs urge that their action sounds in tort and that the defendants should have been held to answer as joint tort-feasors. As said in Tuttle v. Gilbert Mfg. Co., 145 Mass. 169, 13 N. E. 465:

"The cases are numerous and confusing as to the dividing line between actions of contract and of tort: and there are many cases where a man may have his election to bring either action. When the cause of action arises merely from a breach of promise, the action is in contract. The action of tort has for its foundation the negligence of the defendant, and this means more than a mere breach of a promise. Otherwise, the failure to meet a note or any other promise to pay money, would sustain a suit in tort for negligence, and thus the promisor be made liable for all the consequential damages arising from such failure. As a general rule, there must be some active negligence or misfeasance to support tort. There must be some breach of duty distinct from breach of contract."

An examination of plaintiffs' amended petition reveals that it is pleaded that:

"Said defendants wrongfully, fraudulently, maliciously, and without any previous warning whatsoever refused to further continue to perform their part of said contract and breached the same, and wrongfully and unlawfully, maliciously, oppressively, and fraudulently repudiated the same."

Thus it appears that the gravamen of plaintiffs' charge was the breach and repudiation of the contract and the failure to perform. The contract was between the plaintiffs and the Southwestern Sales Corporation, and is so shown in the exhibit attached to the petition and by reference thereto made in the amended petition of the plaintiffs. The individual defendants were not parties to the contract. It is obvious, therefore, that they had no contractual relation with the plaintiffs and were under no obligation to the plaintiffs by reason of said contract, and consequently they could not have breached or repudiated the same. The contract itself and the reference thereto in the pleading regarding the refusal to perform necessitates the conclusion that it was intended to plead that the corporation had refused to perform and had breached or violated the contract. There is no allegation to the effect that the individual defendants did anything to influence or control the action of the corporation in breaching said contract. Assuming that it was intended to charge that the corporation and each of the individual defendants in their respective capacities as officers, managers or agents, had participated in the act of the corporation in breaching the contract, we cannot infer therefrom and the other facts alleged that individual defendants in such a capacity or otherwise are properly charged with any tortious act of commission or omission. If the plaintiffs have any cause of action against the individual defendants, it must be by reason of some wrongful act on their part inducing the breach of contract by the corporation; but the amended petition wholly fails to allege any such acts, and we are not at liberty to assume that they existed in the absence of proper allegations to that effect. As we have said in Preston v. Lewis, 50 Okla. 754, 151 P. 485:

"All persons who, to any extent, engage in a course of action which occasions unlawful injury to the personal property of another, are liable as joint tort-feasors; but it is essential, in order to warrant a recovery upon this ground, that there be both allegation and proof of actual participation in the commission of such tort."

See, also, White v. Shawnee Milling Co., 94 Okla. 260, 221 P. 1029.

Since the allegations of the plaintiffs' amended petition were and are insufficient to charge any tortious acts by the individual defendants, and since they were not parties to the contract, they could not be called upon to respond in damages for its breach. There was no error in sustaining the separate demurrers of the individual defendants. Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.