## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

ELIZABETH INGE, individually;
JOHNNY INGE, individually,

    Plaintiffs - Appellants,

v.

ROBERT MCCLELLAND, III,
individually, Tucumcari, New Mexico,
a/k/a Bob McClelland, d/b/a Bob's Budget
Pharmacy,

    Defendant - Appellee.

No. 17-2109
(D.C. No. 2:16-CV-01232-JAP-KRS)
(D. N.M.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

    Elizabeth and Johnny Inge appeal the district court's dismissal of their claims

against Robert McClelland, III, a pharmacist licensed in New Mexico who dispensed

opioids and other narcotics to them for over a year. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I. Background

According to the amended complaint, McClelland filled the Inges'

prescriptions for thousands of powerful narcotic pills while "knowing that there was

absolutely no medical necessity or benefit to prescribing these medications," Aplt.

App. at 25, and while he "knew or should have known [they] were being abused by

[the Inges]," *id.* at 27. The complaint alleges that the Inges suffered numerous

injuries as a result of their abuse of these narcotics and seeks to hold McClelland

liable for violation of the Racketeer Influenced and Corrupt Organizations Act

(RICO), negligence, unfair practices, and breach of fiduciary duties.

After McClelland filed an answer, both McClelland and the Inges filed

supplemental joint status reports. Included in the Inges' report were their "amended

contentions" that they participated in a scheme with a nurse practitioner[1] who

proposed writing them prescriptions in exchange for half of the pills they received

and that McClelland filled their prescriptions "for powerful and dangerous amounts

of pain pills" while knowing the prescriptions were "bogus." *Id.* at 80, 81.

Relying in part on statements from the Inges' report, McClelland filed a

motion to dismiss. He argued that "[b]y their own admission, [the Inges] participated

in a criminal and fraudulent scheme to obtain the same prescription narcotics made

the basis of this lawsuit, which constitutes an absolute bar to their recovery pursuant

to the wrongful conduct rule." *Id.* at 87.

---

[1] The nurse practitioner is not a party to this lawsuit. According to the Inges'
report, he was investigated and criminally charged and later killed himself.

The district court agreed that the Inges failed to state a claim under Fed. R. Civ. P. 12(b)(6). In making that determination, the court relied on the allegations in the amended complaint and the "amended contentions" in the Inges' supplemental status report. *Id.* at 79. The court concluded that the Inges' recovery against McClelland was barred due to their admitted, willful participation in the scheme to obtain narcotics with invalid prescriptions in violation of federal and state law. *See* 21 U.S.C. § 843(a)(3) (prohibiting acquiring or obtaining possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge); N.M. Stat. Ann. § 30-31-23 (prohibiting possessing a controlled substance unless it was obtained pursuant to a valid prescription).

## II. Analysis

We review de novo the district court's dismissal of a complaint for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171 (10th Cir. 2015) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]omplaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action" will not meet the standard established by the Supreme Court in *Bell*

3

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Iqbal*, 556 U.S. at 678.

*Khalik v. United Air Lines*, 671 F.3d 1188, 1191-92 (10th Cir. 2012) (internal

quotation marks omitted).

## A. Preliminary Matters

The Inges first argue that the district erred by applying the wrongful-conduct

doctrine because McClelland waived its application by failing to raise it as an

affirmative defense in his answer. There, McClelland did assert that the Inges'

complaint failed to state a claim for which relief may be granted, and, in granting the

motion to dismiss, the district court agreed. Noting that "strict adherence to the

pleading requirement [of Fed. R. Civ. P. 8(c)] is inappropriate when the purpose of

the requirement [to safeguard against surprise and unfair prejudice] has otherwise

been fulfilled," Aplt. App. at 126 (internal quotation marks omitted), the court

concluded that the Inges were barred from asserting their claims because those claims

were based on their own wrongful conduct.

In applying the pleading rules established by the Federal Rules of Civil

Procedure, we strive to "avoid hypertechnicality in pleading requirements and focus,

instead, on enforcing the actual purpose of the rule." *Creative Consumer Concepts,*

*Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) (internal quotation marks

omitted). Further,

> in determining whether an issue should be treated as an affirmative
> defense for purposes of pleading, the critical question (absent a contrary
> command by statute or rule, such as the list of affirmative defenses in
> Rule 8(c)) is whether requiring the defendant to plead the matter is
> necessary to avoid surprise and undue prejudice by providing the

4

> plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed.

*In re ZAGG Inc. S'holder Derivative Action*, 826 F.3d 1222, 1231 (10th Cir. 2016) (internal quotation marks omitted). The wrongful-conduct doctrine is not included in Rule 8(c)'s nonexhaustive list of affirmative defenses. Moreover, the Inges responded to the motion to dismiss before the court ruled on it, and they do not point to any surprise or undue prejudice that resulted because the wrongful-conduct doctrine was not raised in the answer. Indeed, based on the nature of the allegations in the complaint, the Inges reasonably should have known that their recovery would likely be limited or barred by their own misconduct. Under these circumstances, we discern no error in the court's application of the wrongful-conduct doctrine.

The Inges also argue that the district court erred by considering the "amended contentions" set forth in their supplemental status report, as opposed to considering only the complaint itself. Although conversion of a motion to dismiss into a motion for summary judgment is generally required when a court considers materials outside the complaint, the purpose of that rule "is to afford the plaintiff an opportunity to respond in kind." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (internal quotation marks omitted). The rationale for conversion to summary judgment dissipates where the plaintiff is obviously on notice of the contents of the outside materials. *See id.* The Inges were obviously on notice of the contents of the "amended contentions" they filed. We conclude that the district court's consideration of their "amended contentions" was not improper.

5

**B. Wrongful-Conduct Doctrine**

The Inges assert that the district court erred by applying the wrongful-conduct doctrine in ruling that their state-law claims were barred. But New Mexico law clearly precludes them from obtaining relief on a claim based on their own illegal conduct:

> It is a well settled rule of law that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party, or where he must base his cause of action, in whole or in part, on a violation by himself of the criminal or penal laws.

*Desmet v. Sublett*, 225 P.2d 141, 142 (N.M. 1950). The public policy behind this rule is that a court should not "lend its aid to a man who founds his cause of action upon an immoral or illegal act." *Id.* (internal quotation marks omitted).

The Inges fail to allege a factual basis for why the wrongful-conduct doctrine should not apply to bar their state-law claims. They admit the decision to participate in the scheme with the nurse practitioner predates any involvement by McClelland. They also admit that they chose to purchase and consume the narcotics they obtained through illicit means, and all of their purported injuries stem from these illegal acts. We see no error in the district court's inferring that McClelland's conduct "cannot be said to have been a greater cause of [the Inges'] injuries than [the Inges'] own unlawful behavior." Aplt. App. at 135; *see Orzel v. Scott Drug Co.*, 537 N.W.2d 208, 215-17 (Mich. 1995) (concluding that plaintiff's recovery was barred under Michigan's wrongful-conduct rule because his injuries were caused by his illegal use of a controlled substance). Even if McClelland also engaged in illegal conduct,

6

breached his duties to the Inges, and benefited financially from the scheme, as the Inges argue, his conduct does not negate the Inges' own misconduct. The district court correctly applied the wrongful-conduct doctrine because there is no dispute that the Inges' lawsuit relies, at least in part, on their own illegal acts.

The Inges also fail to state a legal rationale for why the wrongful-conduct doctrine should not apply. Their reliance on *Rodriguez v. Williams*, 355 P.3d 25 (N.M. Ct. App. 2015), for the proposition that the wrongful-conduct doctrine is incompatible with New Mexico's comparative-fault framework is misplaced. In *Rodriguez*, the court declined to apply New Mexico's wrongful-conduct rule to preclude recovery for an intoxicated driver who was injured when another driver ran a red light and crashed into his vehicle. *Id.* at 27. The court determined that "the judgment in this case is consistent with the principles that our Supreme Court applied in *Desmet*," *id.*, in part because the injured driver "did not seek to profit from any impairment to his driving," *id.* at 29. In other words, the court concluded that the wrongful-conduct doctrine is compatible with the comparative-fault framework because the injured driver's ability to recover was limited to damages based solely on the other driver's negligence. *See id.*

Here, the Inges' alleged injuries do not stem solely from McClelland's conduct. Nor does the law allow them to "profit" from their own illegal conduct. *See id.*; *see also Orzel*, 537 N.W.2d at 219 ("To allow plaintiffs [who repeatedly and fraudulently engage in the illicit use of drugs] would in effect sanction illegal possession and use of controlled substances—and that this Court simply cannot do.").

7

Accordingly, the Inges have not shown that application of the wrongful-conduct doctrine is precluded by the New Mexico's comparative-fault framework.

## C.  RICO Claim

The Inges contend that the district court erred by dismissing their federal RICO claim based on the principle of *in pari delicto*, which is analogous to the wrongful-conduct doctrine.  *See Pinter v. Dahl*, 486 U.S. 622, 632 (1988) ("The equitable defense of *in pari delicto* . . . is rooted in the common-law notion that a plaintiff's recovery may be barred by his own wrongful conduct.").  Noting that the Fifth Circuit has held that "*in pari delicto* is a cognizable defense to a civil RICO claim," *Rogers v. McDorman*, 521 F.3d 381, 389 (5th Cir. 2008), the district court determined that application of the defense to this claim turned on two elements: (1) whether the Inges actively participated in the alleged RICO violation and (2) whether the defense would interfere with the policy goals of RICO.  *See id.*  The district court concluded that the first element was satisfied because the Inges admitted to their active participation in a scheme to obtain narcotics through illicit means.  As for the second element, the court concluded that the policy goals of RICO supported application of the defense because if it were disallowed, the Inges "would in essence be rewarded for their illegal behavior in a way never intended by Congress in RICO."  Aplt. App. at 132.  We agree with the district court's sound analysis with respect to both elements.

The Inges cite *Roma Construction Co. v. aRusso*, 96 F.3d 566 (1st Cir. 1996), in an apparent attempt to undermine the holding in *Rogers*.  However, the *Roma*

8

*Construction* court refrained from deciding "whether or to what extent RICO imposes an innocent party limitation." *Id.* at 570 (internal quotation marks omitted). Rather, it reversed the district court's dismissal of the plaintiffs' claims because their allegations could support a finding "that they were the innocent victims of a criminal enterprise." *Id.* at 574. As discussed above with respect to the wrongful-conduct doctrine, the Inges' allegations cannot support such a finding.

Accordingly, the district court did not err by finding that the Inges failed to state a RICO claim.

## III. Conclusion

We affirm the district court's dismissal of the Inges' complaint.

Entered for the Court


Gregory A. Phillips
Circuit Judge

9