225 P.2d 141

**DESMET v. SUBLETT.**

No. 5325.

Supreme Court of New Mexico.

Dec. 6, 1950.

Frazier, Quantius & Cusack, Roswell, for appellant.

G. T. Watts, Roswell, for appellee.

McGHEE, Justice.

The appellee, plaintiff below, recovered judgment against the appellant, defendant below, for possession of a truck and $425.00 as damages for its unlawful detention.

The plaintiff had purchased the truck from A. E. Beavers who was indebted to the defendant for repairs thereon while,

Beavers was its owner... According to the findings, Beavers and the plaintiff had entered into an agreement whereby the former was to haul logs for hire over public highways around Weed, New Mexico, for a part of the money to be thus earned. The plaintiff authorized Beavers to take the truck to the defendant's garage for repairs for which a charge 'of $21.96 was made. Beavers paid the defendant this amount and was given a receipted bill therefor, but the defendant refused to surrender the truck, stating that he was holding it until payment of the old bill, on which he credited the $21.96 payment. A refund of $5.96 was made to Beavers for gas and oil in the truck, leaving an actual credit of $16.00, following the refusal of his demand for possession of the truck unless the old Beavers' bill was first paid, the plaintiff instituted his action of replevin.

The trial court found that the plaintiff was the owner of the truck, that he had no knowledge of any indebtedness for repairs to the truck while Beavers was its owner, that he was entitled to its possession, and that the fair rental value of the truck during the time of its detention was $25.00 per day. It also found that the truck had not been licensed for the year of 1949, during which it was detained by the defendant, that it was carrying license plates for 1948 which had been issued for another truck, and that the plaintiff did not have a permit from the State Corporation Commission to operate it for hire on the highways of New Mexico.

The defendant claims there is not substantial evidence in the record to support the findings that the plaintiff was the owner of the truck, had purchased it without the knowledge of the old repair bill owed by Beavers, and that plaintiff was entitled to its immediate possession. He also attacks the sufficiency of the evidence to sustain the damages awarded.

There is substantial evidence, in our opinion, to sustain these findings, and they will not be set aside.

Errors are assigned on the making of other findings of fact, refusal to make certain requested findings, as well as on the conclusions of law made and requested. In view of the disposition we have decided to make of the case, such assignments become immaterial.

The defendant assigns error on the allowance of damages for the detention of the truck by reason of plaintiff's violation of the motor vehicle laws.

The plaintiff was operating such truck in clear violation of Sec. 68-238, 1941 Compilation, by displaying thereon license plates for a previous year which were issued for another truck. He was also operating it in violation of Sec. 68-225, 1941 Compilation, which prohibits the operation of a truck on the highways of New Mexico without license plates issued for the cur-

rent registration year. Disregarding the lack of a permit, the violation of either of the above statutes is a misdemeanor. Should we overlook these violations of our motor vehicle laws by the plaintiff and affirm an award for damages in his favor because the act of the defendant prevented his earning money by the illegal operation of the truck?

■ It is a well settled rule of law that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party, or where he must base his cause of action, in whole or in part, on a violation by himself of the criminal or penal laws. 1 C.J.S., Actions, § 13, p. 996. See also 1 Am.Jur. (Actions) Sec. 16, p. 414, to the same effect.

In White v. Shawnee Milling Co., 94 Okl. 260, 221 P. 1029, 1031, recovery of damages was sought by a former railroad station agent on account of the loss of his job following his violation of a rule of the Interstate Commerce Commission in the issuance of a fictitious bill of lading at the request of the milling company. The rules of the Interstate Commerce Commission have the force of law, and the court denied recovery, stating among other things: "The action is founded upon an illegal act alleged to have been participated in by the plaintiff and some party, unnamed, but alleged to have been an employee of the defendant, and both plaintiff and defendant knew the acts were unlawful or forbidden."

After a citation of several cases, the court then quotes from a statement of Lord Mansfield in Holman v. Johnson, Comp. 343: "'The principle of public policy is this: "No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act."'"

In this case the plaintiff founds his claim for damages on the fact that he was not allowed to operate his truck on the public highways of this state in violation of its positive law.

In Lloyd v. North Carolina R. Co., 151 N.C. 536, 66 S.E. 604, 45 L.R.A.,N.S., 378, recovery was denied an employee for injuries received while he was working longer than allowed by the laws of North Carolina. See also the annotation following this case on the same page, and the following cases: Boylston Bottling Co. v. O'Neill, 231 Mass. 498, 121 N.E. 411, 2 A.L.R. 902, with annotation at page 906; Mass. Bonding and Ins. Co. v. Gottlieb, Tex.Com.App., 15 S.W.2d 1020; Dixie Rubber Co. v. Catoe, 145 Miss. 342, 110 So. 670.

■■ The plaintiff attempts to avoid the effect of his violation of the statute by saying that the truck would have been used in hauling logs over roads which are not public highways, but such is not the

finding of fact made by the trial court. The finding has not been attacked by a cross appeal and must, therefore, stand. Bounds v. Carner, 53 N.M. 234, 205 P.2d 216.

We hold that plaintiff's violations of the motor vehicle license laws preclude a recovery for the loss of use of the truck.

. That part of the judgment awarding the possession of the truck to the plaintiff will be affirmed, but reversed on the award of damages and the cause will be remanded with instructions to enter a new judgment awarding the plaintiff nominal .damages of $1.00. The defendant will be allowed the costs of his appeal.

It is so ordered.

LUJAN, SADLER and COMPTON, JJ., concur.

BRICE, C. J., not participating.