232 P.2d 142

**KAISER v. THOMSON et al.**

**No. 5355.**

Supreme Court of New Mexico.

May 9, 1951.

Rehearing Denied June 18, 1951.

redress in the courts of the state for the collection of compensation due under the contract without alleging himself to be a duly licensed contractor under the provisions of the act at the time the cause of action arose, operates to defeat a claim for compensation on quantum meruit basis in furnishing of labor and material in the construction of a building.

In a first cause of action appellant, a contractor, seeks judgment for labor and material supplied in the construction and alteration of a building owned by appellees, to establish and foreclose a mechanic's lien thereon, and for attorney's fees. In a second cause of action he seeks judgment for the reasonable value of said labor and material on a quantum meruit basis. From an order of dismissal with prejudice for failure to allege that he was the holder of a contractor's license as required by the act, appellant prosecutes this appeal.

For the purpose of a decision the facts, so far as material, are those alleged, as follows:

"That between the dates of March 24, 1948, and May 20, 1948, both dates inclusive, the plaintiff at the instance and request of the defendants Guy Thomson and Ada Thomson performed labor in the construction and alteration of a building upon a certain parcel of land owned by the defendants Guy Thomson and Ada Thomson, and also, at the instance and request of the defendants Guy Thomson and Ada Thom-

M. Ralph Brown, W. W. Atkinson, Albuquerque, for appellant.

H. J. Guthmann, Santa Fe, for appellees.

COMPTON, Justice.

The question presented is whether Chap. 197, Laws of 1939, 1941 Comp., Sec. 51-1901 et seq., as amended, denying the contractor

son, furnished building materials to the said defendants to be used and which were used in the construction and alteration of a building upon the said parcel of land owned by the said defendants.

"That at the time the parties entered into the said contract, and when the services and materials were furnished by the plaintiff, plaintiff did not hold a contractor's license from the State of New Mexico; that such fact had been fully disclosed to the defendants and was well known to them; that the plaintiff had previously held such a contractor's license from the State of New Mexico, and that the said license had expired during a period when plaintiff was engaged in another occupation; that, previously to the time when the parties entered into the said contract, the plaintiff had applied for a renewal of his contractor's license and had tendered the requisite fee therefor; that the plaintiff encountered certain difficulties in obtaining renewal license; that the defendants learned of said difficulties, and volunteered to assist plaintiff in obtaining his license; * * * that the defendants were well acquainted personally with the plaintiff, and had personal knowledge as to his experience, skill, ability, and qualifications, and relied on such knowledge, rather than on such guaranty of ability and skill as might be implied from the holding of a state license; that the plaintiff was delaying the commencement of construction on a large number of dwellings until his license should be renewed; that the defendants were aware of such fact; that the defendants offered to employ the plaintiff to re-model the mountain home of the defendants while the plaintiff was waiting for the renewal of his license, and that the plaintiff accepted the said offer, and that the parties thereby entered into a contract alleged in Paragraph 111 hereinabove; that subsequently to the performance of the said contract by the plaintiff, a contractor's license was issued to him; that at all times material herein, the plaintiff possessed all the skill, ability, and qualifications required for the issuance of a contractor's license by the State of New Mexico; that the plaintiff properly performed substantially all things required of him by the said contract between the parties, and that the defendants received the benefit of the materials and the skilled labor supplied by the plaintiff and substantially the benefits which they bargained for; that the defendants, by their conduct in this matter, represented to the plaintiff that his failure to possess a contractor's license was immaterial to them and that they would waive such failure to possess license; that plaintiff relied on such representations by the defendants, and changed his position in reliance thereon by supplying skilled labor and materials as aforesaid.

"That the plaintiff is entitled to recover, on a quantum meruit basis, for the reasonable value of the labor performed and the

materials furnished for and to the said defendants; that the reasonable value of the same is Three Thousand Nine Hundred Seventeen and 41/100 Dollars ($3,917.41); that after deducting all just credits and offsets, there is still due, owing, and unpaid to the plaintiff by the said defendants the sum of Two Thousand Four Hundred Forty-Two and 41/100 Dollars ($2,442.21) for which demand has been made upon said defendants but payment thereof refused."

The pertinent provisions of the act are:

"It shall be unlawful for any person, * * * to engage in the business or act or offer to act in the capacity or purport to have the capacity of contractor within this state without having a license therefor as herein provided, unless such person, firm, copartnership, corporation, association or other organization is particularly exempt as provided in this act. * * *" Sec. 51-1901, 1941 Comp. (Sec. 1)

"A contractor within the meaning of this act is a person, * * * who for either a fixed sum, price, fee, percentage, *or other compensation, other than wages,* undertakes or offers to undertake, or purports to have the capacity to undertake to construct, alter, repair, add to or improve any building, excavation, or other structure, project, development or improvement, other than to personalty, or any part thereof; provided, that the term contractor, as used in this act, shall include subcontractor, but shall not include anyone who merely furnishes materials or supplies without fabricating the same into, or consuming the same in the performance of the work of the contractor as herein defined." Sec. 51-1903, 1941 Comp. (Sec. 3)

"Any person who acts in the capacity of a contractor within the meaning of this act without a license as herein provided, and any person who conspires with another person to violate any of the provisions of this act is guilty of a misdemeanor, and shall, upon conviction thereof, be punished by a fine of not less than one hundred ($100.00) dollars, nor to exceed five hundred ($500.00) dollars, or by imprisonment in the county jail for a term not to exceed six (6) months, or by both such fine and imprisonment, in the discretion of the court.

"No contractor as defined by section 3 (§ 51-1903) of this act *shall act as agent or bring or maintain any action in any court of the state for the collection of compensation for the performance of any act for which a license is required by this act without alleging and proving that such contractor was a duly licensed contractor at the time the alleged cause of action arose.* * * *" Sec. 51-1914, 1941 Comp. (Sec. 14)

"Any contractor operating without a license as herein provided shall have no right to file or claim any mechanics lien as now provided by law, but otherwise. Neither this entire act, nor any section thereof is

enacted for the purpose of aiding, conflicting with or amending or repealing the present Mechanic's Lien Law * * * of the state of New Mexico, or any part thereof." Sec. 51–1916, 1941 Comp. (Sec. 16) (Emphasis ours)

We are of the opinion that the act operates to defeat the claim. The doctrine is well established that where a statute renders contracts of artisans, professional or business men void, or expressly provides that there shall be no recovery thereon for noncompliance with the statute, no actionable cause arises from such a contract. 33 Am.Jur., Licenses, Sec. 69. Also, see Annotation, 30 A.L.R. 838, where a majority of the states follow the rule.

Our holding in Desmet v. Sublett, 54 N.M. 355, 225 P.2d 141, 142, supplies the answer to the question presented. We quote: "It is a well settled rule of law that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party, or where he must base his cause of action, in whole or in part, on a violation by himself of the criminal or penal laws."

It is asserted that under the facts of the case, appellees are estopped to assert the defense of noncompliance. This position is untenable. Estoppel cannot be founded upon an illegal contract. Desmet v. Sublett, supra; Melody v. Great Northern Ry.

Co., 25 S.D. 606, 127 N.W. 543, 30 L.R.A., N.S., 568.

Appellant claims that he is entitled to recover on quantum meruit basis and the case of Sherwood v. Wise, 132 Wash. 295, 232 P. 309, 42 A.L.R. 1219, is cited to the proposition. From a consideration of the case it is clear that the Washington statute is unlike ours. It does not render such contracts unlawful or unenforceable, nor does it bar the right of recovery. The case is not persuasive. To give effect to this claim would be to circumvent former decisions and nullify plain statutory provisions to the contrary.

Finally, it is contended that the statute is unconstitutional and violates Article 2, Sec. 18, of the New Mexico Constitution, and the 14th Amendment to the United States Constitution, as a denial of due process of law. We fail to appraise the statute in the light urged by appellant. That the legislature may enact laws in the exercise of its police powers is fully recognized, except that it may not be so unreasonably or arbitrarily exercised as to amount to confiscation of property or a denial of the right to engage in a particular trade, occupation or profession. State ex rel. New Mexico Dry Cleaning Board v. Cauthen, 48 N.M. 436, 152 P.2d 255.

We are of the opinion that the contract in question is inhibited by statute and that

the order sustaining the motion to dismiss was properly entered.

The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and McGHEE, J., concur.

SADLER, J., specially concurring.

COORS, J., not participating.

SADLER, Justice (specially concurring).

If the plaintiff (appellant) can prove what he alleges, the acts of defendants disclose fraud of so gross a nature, that the plaintiff should not be left remediless against such skulduggery. Whether an action in deceit for damages is the answer, or was, it is not for me to say. A reading of the complaint discloses allegations of fraud of such a character as to call for proof and a remedy in some appropriate action or proceeding, if established.