286 P.2d 312

**Karl FISCHER, Plaintiff-Appellant,**

**v.**

**Gust RAKAGIS, Jack Zaris, and Eliza W. Woolford, Defendants-Appellees.**

**No. 5913.**

Supreme Court of New Mexico.

June 29, 1955.

Frazier, Cusack & Snead, Roswell, for appellant.

James T. Jennings, Roswell, for appellees.

COMPTON, Chief Justice.

The question is whether Chapter 197, Laws 1939, as amended, § 67–16–1 et seq., 1953 Comp., denying the contractor redress in the courts of the state, for the collection of compensation due under the contract, unless he alleges and proves that he was duly licensed under the provision of the act at the time the cause of action arose, operates to defeat a claim for compensation under a contract which reads:

"Roswell, New Mexico
"February 26, 1954

"Carl Fisher
"1108 So. Grand
"Box 81
"Roswell, New Mexico

"This will confirm our understanding that you are to build the bar, back bar and do certain carpenter work for us in our place of business located at 100 and 102 South Main in the City of Roswell.

"The bar is to be constructed in accordance with the plan attached hereto and marked "Exhibit A". A schedule of the work to be done is attached hereto and marked "Exhibit B".

"It is our understanding that you have already procured some of the materials and begun constructing the fixtures. The work is to be completed by you as soon as possible and in any event shall be finished not later than April 1, 1954. As much of the work as possible will be done at your shop and when possible, the work is to be done in such a manner so as not to unduly interrupt our business operations.

"As indicated by the attached schedule the total price of the work is $3769.-82. You have heretofore been paid the sum of $700.00 and we will advance you an additional $400.00 on March 6, and a like sum on March 13, 20 and 27. You are to furnish all of the labor and materials and you shall pay for the material when obtained and pay the labor weekly, upon being furnished with evidence of the payment of the labor and materials used during the preceding week, another advance will be made to you. Upon completion of the work, the balance of $1469.82 will be paid to you when you furnish us with satisfactory evidence showing that all labor and materials used in connection

with the building and improvements have been satisfactorily paid for.

"You are to do the work as an *independent contractor* and you shall carry adequate workmen's compensation and public liability insurance to protect us, but all employees engaged in the performance of any of the work shall be your employees and under your sole supervision. (Emphasis ours.)

"If the foregoing is your understanding of our agreement, please note your acceptance on a copy hereof and return the same to us.

"Gust Rakagis /s/
"Jack Zaris     /s/

"Accepted:
"Karl Fischer /s/"

Exhibit "B" mentioned in the contract, reads:

"List of Work to be Done at Theodore's Liquor Store located at 100 and 102 South Main:

| | |
|---|---|
| One bar 12' x 26', 42" in height with formica top and with one gate and one door and two drawers, in high grain board, pine finish No. 9, No. 3 and No. 8, including two 8' x 24" open shelf back bars with inlet for cash register space and two drawers on each side of cash register space in each. | $1575.62 |
| Shelving for package store 54' x 72" in height | 795.60 |
| (if space to be covered is less than 54' in length an appropriate reduction will be made) | 55.87 |
| Ceiling in 16" x 32" new wood tile covering approximately 1440 sq. feet. | 371.62 |
| 624 sq. feet of wall siding No. 9, No. 3, No. 8 finish | 345.20 |
| Partition at the back of the bar (lumber now on hand at liquor store to be used) | 80.00 |
| 48" accordion door between bar and package store | 57.50 |
| Labor for installing door and making opening for door | 45.70 |
| Three doors 36" x 80" to be installed in partition in back of bar | 100.00 |
| 10% to cover insurance, payroll, taxes etc. | 342.71 |
| | $3769.82 |

In addition to the above and for the same price, the storage box will be moved, liquor storage built and the show windows will be cut down."

Upon motion the trial court dismissed the complaint, in which the following was charged as grounds for recovery:

"2. That heretofore the Plaintiff was employed by the Defendants, Rakagis and Zaris who are and were co-partners, to do certain work upon the structures at 100 and 102 South Main Street, Roswell, New Mexico, and also to construct for them a bar and various other fixtures to be located in said buildings; that in pursuance of such employment the Plaintiff began the work and furnishing the materials on February 18, 1954, and continuously worked at such employment until April 20, 1954 at which time the work was all completed and the Defendants, Rakagis and Zaris accepted the same, that the work and materials were furnished on a cost basis by Plaintiff plus 10% additional for insurance and other overhead expenses; that after the work was under way the Plaintiff and said Defendants signed a certain agreement dated February 26, 1954, a copy of which is attached hereto, made a part hereof and marked Exhibit "A", which said agreement was prepared by the attorney for the Defendants, Rakagis and Zaris.

"3. That as the work progressed the Defendants, Rakagis and Zaris desired many changes to be made and also additional work which was to be paid to Plaintiff by them in cash upon the completion of the work on the basis of the labor and materials furnished by Plaintiff plus 10% overhead."

The pertinent provisions of the act are:

"67–16–3. 'Contractor' defined.—A contractor within the meaning of this act is a person, firm, copartnership, corporation, association, or other organization, or any combination of any thereof, who for either a fixed sum, price, fee, percentage, or other compensation other than wages, undertakes or offers to undertake, or purports to have the capacity to undertake to construct, alter, repair, add to or improve any building, excavation, or other structure, project, development or improvement, or any part thereof; Provided, that the term contractor, as used in this act, shall include subcontractor, but shall not include any one who merely furnishes materials, or supplies *without fabricating* the same into, or consuming the same in the performance of the work of the contractor as herein defined. * * *" (Emphasis ours.)

"67–16–14. Penalty.—Any person who acts in the capacity of a contractor within the meaning of this act * * * without a license as herein provided, and any person who conspires with another person to violate any of the provisions of this act is guilty of a misdemeanor, and shall, upon conviction thereof, be punished * * *.

"No contractor as defined by section 3 * * * of this act shall act as agent or bring or maintain any action in any court of the state for the collection of compensation for the performance of any act for which a license is required by this act without alleging and proving that such contractor was a duly licensed contractor at the time the alleged cause of action arose."

"67–16–16. Unlicensed contractor barred from filing or claiming mechanic's lien.—Any contractor operating without a license as herein provided shall have no right to file or claim any mechanic's lien as now provided by law * * *."

■ Since the complaint did not allege that appellant was a licensed contractor, we are of the opinion that the contract falls within the inhibitions of the act and recovery is barred. It is clear that it was the intention of the parties that the fixtures were to be fabricated into the building under the performance contract and for a lump sum. See Porter Lumber Co. v. Wade, 38 N.M. 333, 32 P.2d 819; Fairbanks v. Williams, 25 N.M. 74, 177 P. 745; Patterson v. Chaney, 24 N.M. 156, 173 P. 859, 6 A.L.R. 90. It has been held that where the contracts of artisans, professional or business men are rendered void by statute, or where the statute expressly prohibits recovery for non-compliance therewith, no cause of ac-

tion arises from such contracts. Desmet v. Sublett, 54 N.M. 355, 225 P.2d 141; Kaiser v. Thomson, 55 N.M. 270, 232 P.2d 142; Crawford v. Holcomb, 57 N.M. 691, 262 P.2d 782.

■ Appellant asserts that contracts relating to the making and installation of fixtures, such as a bar, being personalty, are not within the purview of the act. What has been said disposes of this claim, the chattels were fabricated into the building. Also, in his brief he makes the argument that the action was for wages; hence, not covered by the act. This contention is contrary to the allegations of the complaint and must be rejected. Admittedly, appellant agreed to do the work as an independent contractor and the mere fact the contract was on a cost plus basis does not vest it with validity.

■ Appellant seeks to strike down the act as unconstitutional in several respects. It is strongly argued that the act contravenes the 14th Amendment to the Constitution of the United States, Section 18, Article 2, and Section 13, Article 6 of the New Mexico Constitution. We fail to so appraise the act. It does not contravene the due process clause or deny equal protection of law as guaranteed by the Federal Constitution or the Constitution of New Mexico, nor does it contravene Section 13, Article 6, New Mexico Constitution, vesting original jurisdiction of all matters and

causes in the District Courts. That the legislature may create boards, such as boards for the licensing of contractors, and vest them with administrative powers, needs no citation of authorities.

In Kaiser v. Thomson, supra, we said [55 N.M. 270, 232 P.2d 145]:

"Finally, it is contended that the statute is unconstitutional and violates Article 2, Sec. 18, of the New Mexico constitution, and the 14th Amendment to the United States Constitution, as a denial of due process of law. We fail to appraise the statute in the light urged by appellant. That the legislature may enact laws in the exercise of its police powers is fully recognized, except that it may not be so unreasonably or arbitrarily exercised as to amount to confiscation of property or a denial of the right to engage in a particular trade, occupation or profession. State ex rel. New Mexico Dry Cleaning Board v. Cauthen, 48 N.M. 436, 152 P.2d 255."

While not in point, but cases enlightening in this connection are: Breithaupt v. Abram, 58 N.M. 385, 271 P.2d 827; State v. Spears, 57 N.M. 400, 259 P.2d 356, 39 A.L.R.2d 595; Fowler v. Corlett, 56 N.M. 430, 244 P.2d 1122; Stone v. City of Hobbs, 54 N.M. 237, 220 P.2d 704; Middle Rio Grande Water Users Ass'n v. Middle Rio Grande Conservancy District, 57 N.M. 287, 258 P.2d 391.

It is asserted that the act violates Section 18, Article 4 of the Constitution as an attempt to amend the Mechanic's Lien Law by reference. The argument appears to us as unsound. The section merely enacts penalties, one of which is a denial of a remedy, for failure to comply with the act. Middle Rio Grande Water Users Ass'n v. Middle Rio Grande Conservancy District, supra. However, as previously stated, the claim is otherwise barred. Desmet v. Sublett, supra; Kaiser v. Thomson, supra.

Lastly, it is argued that the act contravenes Section 16, Article 4, New Mexico Constitution, which provides that the subject of every act shall be clearly expressed in its title. The title to Chapter 197, reads:

"An act to regulate the business of contracting in the state of New Mexico; requiring licenses to engage in such business and relating to the issuance, expiration, revocation, suspension and cancelation of the same; exempting certain employers from the provisions hereof; defining the word 'contractor' as used herein; providing for the appointment of a contractor's license board and a registrar, fixing their terms of office, requiring bond and prescribing their powers and duties; providing for appeals from certain orders of the board; imposing penalties for the violation of this act; and repealing all laws or parts of laws in conflict herewith.".

■ The primary purpose of the constitutional provision is to prevent fraud or surprise by means of concealed or hidden provisions in an act which the title does not disclose. Clearly, the title to Chapter 197, Laws 1939, expresses the subject matter and purpose of the act. Fowler v. Corlett, supra; Crosthwait v. White, 55 N.M. 71, 226 P.2d 477. So, viewing the act in the light of the various constitutional provisions, we are satisfied that it is not constitutionally objectionable.

We conclude that the contract in question is inhibited by statute and that the order of dismissal was properly entered; however, we close the opinion with the feeling expressed in Justice Sadler's special concurring opinion in Kaiser v. Thomson, supra:

"If the plaintiff (appellant) can prove what he alleges, the acts of defendants disclose fraud of so gross a nature, that the plaintiff should not be left remediless against such skulduggery. Whether an action in deceit for damages is the answer, or was, it is not for me to say. A reading of the complaint discloses allegations of fraud of such a character as to call for proof and a remedy in some appropriate action or proceeding, if established."

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.