395 P.2d 679

Jerry D. NICKELS, d/b/a Jerry D. Nickels, General Contractor, Plaintiff-Appellee,

v.

Charles H. WALKER and Doris G. Walker, Defendants-Appellants.

No. 7462.

Supreme Court of New Mexico.

July 20, 1964.

Rehearings Denied Aug. 25 and

Oct. 8, 1964.

———◆———

Rodey, Dickason, Sloan, Akin & Robb, Joseph J. Mullins, Albuquerque, for appellants.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellee.

COMPTON, Chief Justice.

The plaintiff sought to recover from the defendants $10,028.35, the balance allegedly due for the construction of a residence for the defendants, $643.11 for care and custodial expenses, attorney's fees, costs, and foreclosure of a mechanic's lien. From a judgment granting the plaintiff the relief prayed for, the defendants appeal.

The complaint alleged a contract between the parties dated May 25, 1961, for the construction of a residence; the completion of the construction by the plaintiff; the failure of the defendants to pay the amounts due; and the filing of a mechanic's lien against the property. The complaint, however, did not allege that the plaintiff was a duly licensed contractor.

The answer of the defendants admitted the contract but denied the completion of the construction and the propriety of filing the lien. In addition, they counterclaimed for specific performance of the contract and cancellation of the lien or, in the alternative, for damages caused by the plaintiff's failure to complete the residence on the date specified in the contract and to perform according to the plans and specifications. Thereafter, the defendants moved to dismiss the complaint on the ground that the plaintiff, operating as a partnership, was not a licensed contractor and, therefore, as a matter of law, was neither entitled to maintain the action nor to claim a lien against the property. The motion was denied.

The cause was tried to the court. The testimony of Jerry D. Nickels disclosed that he had a partner, one Clinton Smith, at

the time the contract in question was entered into and that the partnership was operating under the name of Jerry D. Nickels d/b/a Jerry D. Nickels, General Contractor. After the admission into evidence of a copy of the contract and the architect's certificate of completion, dated December 15, 1961, the trial was recessed, the court, in effect, ruling that due to the failure of the defendants to allege, or amend their pleadings to allege, that the architect's certificate of completion was procured by fraud, bad faith or the exercise of bad judgment, the defense of failure to complete the contract was not properly raised and, consequently, the architect's certificate, provided for in the contract, was conclusive on the issue of completion. Thereafter, based upon its findings of fact and conclusions of law, the court entered judgment for the plaintiff.

Several points are relied upon by the appellants as grounds for reversal but we believe the crucial question raised is whether the appellee partnership, which was not licensed as such by the Contractor's License Board pursuant to § 67–16–1 et seq. N.M.S.A.1953 Comp., may bring or maintain this action or claim a mechanic's lien.

The court found that at all times material hereto Jerry D. Nickels was a duly licensed contractor. The appellants challenge any proof of this fact. The court found further that the partnership between Jerry D.

Nickels and Clinton Smith functioned under the contractor's license held by Jerry D. Nickels and at all times complied with the rules and regulations of the New Mexico Contractor's License Board. This latter finding is based, at least in part, upon the court's consideration of an affidavit by counsel for the appellee, and the deposition of a member of the Contractor's License Board, both to the effect that the member of that Board advised counsel in a telephone conversation that since the function of Clinton Smith in the partnership would be limited to furnishing clerical and financial assistance, the partnership could operate under the license issued to Nickels and no new license was required. Appellants take the position that the documents just referred to were erroneously considered by the trial court as they were neither offered nor admitted into evidence at the trial, and that they form part of a supplemental transcript which is not properly before this court.

In the view we take of the case, a determination of these questions is not necessary. Assuming, without deciding, that Jerry D. Nickels was at all times a duly licensed contractor, and that the court properly considered the documents included in the supplemental transcript, nevertheless, the findings of fact of the trial court do not support its conclusions of law that the admission of a person as a partner with a licensed contractor does not require the

registration of that partnership or the issuance of a new contractor's license to the partnership.

The Contractor's License Law is contained in §§ 67–16–1 to 67–16–20, inclusive, supra, and is comprehensive. A "contractor" is defined as "a person, firm, copartnership, corporation, association, or other organization, or any combination of any thereof, who for either a price, fee, or percentage, undertakes or offers to undertake, or purports to have the capacity to undertake to construct, alter, repair, add to or improve any building, excavation, or other structure, project, development or improvement, or any part thereof * * *." Section 67–16–2. It is unlawful for any contractor so defined to operate without a license. Section 67–16–3. A board known as the Contractor's License Board, consisting of three members, is charged with the administration of the powers and duties prescribed by the law. Section 67–16–4. No license shall be issued except by action of the board. Section 67–16–5, paragraph B. The board shall adopt such rules and regulations as they deem necessary to carry out the provisions of the contractor's license law, a copy of which shall be filed with the librarian of the Supreme Court Library. Section 67–16–5, paragraph E. Licenses duly issued are nontransferable. Section 67–16–6. No contractor as hereinabove defined shall bring or maintain any action in any court of the state for the collection of compensation for the performance of any act for which a license is required by this law without alleging and proving that such contractor was duly licensed at the time the alleged cause of action arose. Section 67–16–14. Nor may any contractor operating without a license as provided in this law have a right to file or claim any mechanic's lien. Section 67–16–16.

Pursuant to § 67–16–5, paragraph E certain rules and regulations were promulgated by the Contractor's License Board, the following being pertinent here:

"31. A contractor's license is an authority granted to the person, firm, partnership, company, corporation or association to whom it is issued and is not transferable. A change in name, business designation or personnel of a licensee may have the legal effect of attempting to transfer the license and of operating without a license. Therefore, all such changes must be reported to the Contractor's License Board within 30 days after making any such change."

"33. *The organization of a partnership creates a new legal entity which requires a license, even though one or more of the partners are licensed contractors.*" (Emphasis ours.)

The provisions of the contractor's license law and the rules and regula-

tions issued pursuant thereto, set forth above, are clear and unambiguous. A partnership is required to be licensed. Admittedly here it was not. While we find nothing to dispute the fact that Jerry D. Nickels acted in good faith in reliance on telephone advice from one member of the Contractor's License Board, that advice was contrary to law and cannot be asserted as justification for noncompliance with a law whose administration is placed in the hands of a three-member board.

The appellee has cited numerous cases in its brief for the proposition that the long-standing interpretation of a statute by the official, department, or agency charged with the administration of a particular statute, is persuasive with the courts and will not be lightly overturned. Obviously these authorities do not apply here where there was no action of the Contractor's License Board. It should be noted, however, that even had the cited authorities been applicable here, this court has held it is not bound by the construction placed upon a statute by the authority charged with its administration where the meaning of the statute is so unambiguous that it cannot reasonably be misunderstood. Owens v. Swope, 60 N.M. 71, 287 P.2d 605;

Dillard v. New Mexico State Tax Commission, 53 N.M. 12, 201 P.2d 345; City of Roswell, N. M. v. Mountain States T. & T. Co., 10th Cir., 78 F.2d 379.

For the reasons set forth above, the trial court was in error in holding that the issuance of a new contractor's license to the partnership was not required and that at all times material the partnership complied with the rules and regulations of the New Mexico Contractor's Board. Being an unlicensed partnership, the appellee can neither maintain this action nor claim a mechanic's lien. Campbell v. Smith, 68 N.M. 373, 362 P.2d 523; Salter v. Kindom Uranium Corporation, 67 N.M. 34, 351 P.2d 375; Fischer v. Rakagis, 59 N.M. 463, 286 P.2d 312; Crawford v. Holcomb, 57 N.M. 691, 262 P.2d 782.

In view of the conclusion reached, other questions raised need not be determined. The cause is remanded with directions to the trial court to set aside the judgment and to enter an order dismissing the complaint for failure to state grounds upon which relief can be granted and proceed in a manner not inconsistent with this opinion.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.