535 P.2d 1339

**B. M. OLIVAS, d/b/a Quality Drywall Company, Plaintiff-Appellee,**

v.

**SIBCO, INC., Defendant-Appellant.**

**No. 9975.**

Supreme Court of New Mexico.

May 28, 1975.

Threet, Threet, Glass, King & Maxwell, Martin E. Threet, Albuquerque, for defendant-appellant.

Gallagher & Walker, Peter E. Gallagher, Albuquerque, for plaintiff-appellee.

## OPINION

McMANUS, Chief Justice.

This suit originated in the District Court of Bernalillo County upon a joint complaint in the nature of a declaratory judgment. A dispute arose in regard to the rights and liabilities of the plaintiff and defendant on a contract for the installation of drywall and insulation in an apartment house complex constructed by the defendant in Bernalillo County. Plaintiff was one of the subcontractors on the construction job.

Under the contract between the parties, defendant held out a 10% retainage amounting to $7,002.50. After construction was completed, plaintiff apparently failed to clean up as required under the contract and defendant claimed a setoff of $5,775.45 for the cost of removal of trash and debris, cleaning, etc. Both parties agreed to the placing in escrow of the $7,002.50 to be paid under order of the court upon the resolution of the controversy existing between the plaintiff and defendant. After hearing, the court found that the defendant-appellant was entitled to an offset against the amount in escrow of $1,749.15 and that the plaintiff was entitled to receive the remaining $5,213.35. Defendant appeals.

This appeal is based on two points, the first of which reads:

"The trial court did not have jurisdiction of the subject matter, hence the judgment entered was a nullity and the case must be reversed."

■ The meat of this allegation is that the plaintiff made no allegation or proved by evidence that he was a licensed contractor pursuant to the Construction Industries Licensing Act, §§ 67–35–1 to 67–35–63, N.M.S.A.1953 (2d Repl.Vol., pt. 1, 1974). There was no objection at any stage of the proceedings insofar as a contractor's license was concerned.

Appellant, it seems, is now trying to use the statute as a shield against paying a just obligation. We hold he cannot. Appellant relies particularly on § 67–35–33, supra, which reads:

"A. No contractor shall act as agent or bring or maintain any action in any court of the state for the collection of compensation for the performance of any act for which a license is required by the Construction Industries Licensing Act [67–35–1 to 67–35–63] without alleging and proving that such contractor was a duly licensed contractor at the time the alleged cause of action arose."

However, this section when read in conjunction with the entire act was not meant to provide the kind of relief requested by the appellant. Section 67–35–4, supra, provides, in part:

"The purpose of the Construction Industries Licensing Act [67–35–1 to 67–35–63] is to promote the general welfare of the people of New Mexico by providing for the protection of their lives, property and economic well-being against substandard or hazardous construction, alteration, installation, connection, demolition or repair work, and by providing protection against the fiscal irresponsibility of persons engaged in construction occupations or trades. * * *"

As we stated in Peck v. Ives, 84 N.M. 62, 66, 499 P.2d 684, 688 (1972):

"The purpose of the Act is to protect the public from incompetent and irresponsible builders. This purpose should not be lost sight of. In view of the severity of the sanctions and the forfeitures which could be involved, we are reluctant to construe the statute more broadly than necessary for the achievement of its purpose. The statute should not be transformed into an 'unwarranted shield for the avoidance of a just obligation.'"

The foregoing statement of purpose clearly indicates that § 65–35–33, supra, was not intended to apply in a situation like that before us. Here, the construction work had been completed without objection and the only dispute centers around the amount of offset defendant should be allowed as costs for cleaning up the work site. Section 67–35–3, supra, defines contracting:

"Contracting includes, but is not limited to, constructing, altering, repairing, installing or demolishing * * *."

The cleanup activity involved herein does not require a contractor's license according to the definitions of the above-mentioned statute and is, therefore, not governed by § 67–35–33, supra.

■ Appellant's second contention is that:

"There is substantial evidence to sustain the trial court's findings of fact numbered 13, 17 and 18, and the corresponding conclusions of law numbered 2 and 3."

These findings and conclusions dealt with amounts of money allowed for offsets against the money in escrow and to be allowed the defendant-appellant. However, all of the witnesses testifying concerning these figures gave only guesses or estimates. Even the court was concerned about the evidence presented concerning these offsets, when it stated:

"The court would have liked to have had a little more concrete evidence. I should say, in this case, to have made a more concrete decision. Since most of the evidence is based upon estimates and a lot of it speculation, probably the court's decision is also going to be somewhat of an estimate on what the court considers to be a fair and just manner of adjusting the difficulties that beset both parties in this litigation."

As we stated in Groff v. Stringer, 82 N.M. 180, 182, 477 P.2d 814, 816 (1970):

"But a finding of fact, not supported by substantial evidence, will not be sustained on appeal, and a judgment based on such finding is itself without support. Forrest Currell Lumber Company v. Thomas, 81 N.M. 161, 464 P.2d 891 (1970)."

Therefore, this cause is remanded to the trial court to allow defendant to present evidence, if available, to substantiate its claims of offset, and then to make a decision in keeping with the tenor of this opinion. It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.