739 P.2d 968

**TRIPLE B CORPORATION,**
Plaintiff-Appellant,

v.

**BROWN & ROOT, INC.,**
Defendant-Appellee.

No. 15843.

Supreme Court of New Mexico.

July 13, 1987.

Montgomery & Andrews, Stephen S. Hamilton, Santa Fe, Vickery Law Corp., C.

Ed Harrell, Houston, Tex., for plaintiff-appellant.

White, Koch, Kelly & McCarthy, Booker Kelly, Benjamin Phillips, Santa Fe, for defendant-appellee.

## OPINION

STOWERS, Justice.

Plaintiff Triple B Corporation (Triple B) appeals from the district court's granting of a motion for directed verdict and entry of judgment in favor of defendant Brown & Root, Inc. (Brown & Root) in this action arising from certain construction contracts. In 1974 and 1975, Triple B, a Texas corporation, entered into two agreements to perform insulation work at the Phelps-Dodge Hidalgo smelter facility in New Mexico for Brown & Root, a Texas corporation and the general contractor. In the course of construction, a dispute arose as to whether Triple B subsequently had agreed to hold the price for its work to $6.5 million. Brown & Root paid Triple B more than $6.5 million but, in January 1977, stopped paying invoices submitted by Triple B, which brought this suit. The district court held that Triple B was an independent contractor and was barred, under NMSA 1978, Section 60–13–30 (Repl.Pamp.1984), from bringing any action for the collection of compensation for work done without alleging and proving that it was a duly licensed contractor. The district court accordingly dismissed Triple B's claims on the contract and in quasi-contract or quantum meruit. We agree with the district court, and we affirm.

Triple B's first amended complaint alleged that Triple B and Brown & Root had entered certain contracts for "subcontracting work," and sought damages of over $1.6 million under a breach of contract theory or, alternatively, under a quasi-contract or quantum meruit theory. Brown & Root answered, raising affirmative defenses based upon Triple B's failure to allege that it was a duly licensed contractor, as required by Section 60–13–30. Although Triple B believed that it was duly licensed in New Mexico at the time it entered the contracts with Brown & Root and at all other relevant times, and although it had so informed Brown & Root, Triple B did not in fact have a New Mexico contractor's license. Triple B became aware of its predicament in the course of litigation and, in its response to Brown & Root's answer, took a new and somewhat inconsistent position, contending that it was not required to have a license because it was merely an employee of Brown & Root, not an independent contractor.

Prior to trial, the district court dismissed the complaint for lack of subject matter jurisdiction. Triple B appealed, and this Court reversed. On remand, Brown & Root moved for a directed verdict at the end of plaintiff's case, after several days of testimony before a jury. The district court granted that motion and entered judgment in favor of Brown & Root. Triple B appeals, raising seven points.

First, Triple B argues that we should not recognize Section 60–13–30 as a bar to a contractor's action in a case where the plaintiff completely performed its construction work to the satisfaction of the defendant. Second, Triple B asserts that the district court erred in directing a verdict because it presented evidence of unjust enrichment and estoppel as equitable defenses to Brown & Root's assertion of the statutory bar to suit. Third, Triple B claims that the district court erred in directing a verdict because it presented evidence upon which reasonable minds could differ concerning whether Triple B acted as an employee or an independent contractor.

Fourth, Triple B contests the district court's exclusion from evidence of a Brown & Root internal memorandum on the basis of the attorney-client or work-product privilege. Fifth, Triple B argues that the district court erred in ruling, on a motion for partial summary judgment, that it could not recover attorneys' fees in this action. Sixth, Triple B argues that the district court's finding that its quantum meruit or quasi-contract claim was indistinguishable from its contract claim must be reversed. Finally, Triple B contends that the district court made several erroneous evidentiary rulings, excluding evidence that Brown &

Root employees damaged Triple B's insulation materials, admitting the letter that allegedly limited Triple B to a recovery of $6.5 million under the two contracts, and excluding evidence of custom and practice regarding pricing.

Our resolution of points one, two, three, and six are determinative of this appeal. We hold that Section 60–13–30 bars Triple B from recovery in this action. We reject Triple B's contention that enforcement of that bar may be prohibited under the equitable theory of unjust enrichment, and we hold that Triple B failed to demonstrate that Brown & Root should be estopped from asserting the statutory bar. We affirm the district court's holding that reasonable minds could not differ in concluding that Triple B was an independent contractor subject to the Section 60–13–30 bar. We also hold that the district court did not err in dismissing Triple B's quantum meruit or quasi-contract claim. Finally, we conclude that the error presented in Triple B's remaining points, if any, was harmless. Accordingly, we affirm the judgment of the district court.

## I. Applicability of Statutory Bar.

NMSA 1978, Subsection 60–13–30(A) (Repl.Pamp.1984) provides:

> No contractor shall act as agent or bring or maintain any action in any court of the state for the collection of compensation for the performance of any act for which a license is required by the Construction Industries Licensing Act without alleging and proving that such contractor was a duly licensed contractor at the time the alleged cause of action arose.

We long have held that this statute bars an unlicensed contractor from bringing or maintaining a suit on the contract, *see, e.g., Nickels v. Walker,* 74 N.M. 545, 549, 395 P.2d 679, 682 (1964); *Fischer v. Rakagis,* 59 N.M. 463, 468, 286 P.2d 312, 315 (1955), or in quantum meruit, *see, e.g., Campbell v. Smith,* 68 N.M. 373, 378, 362 P.2d 523, 526 (1961); *Kaiser v. Thomson,* 55 N.M. 270, 274, 232 P.2d 142, 144–45 (1951). Our more recent decisions do not alter this rule but, in accordance with the clear implica-

tion of the statutory language, allow recovery by a person who is not a contractor within the meaning of the statute, *see, e.g., Latta v. Harvey,* 67 N.M. 72, 76, 352 P.2d 649, 651 (1960) (employee is not a contractor); *cf., e.g., Marsh v. Coleman,* 93 N.M. 325, 326–27, 600 P.2d 271, 272–73 (1979) (well driller expressly excluded from definition of contractor) (lien claim), and allow recovery for the performance of acts for which no license is required, *see, e.g., Olivas v. SibCO, Inc.,* 87 N.M. 488, 490, 535 P.2d 1339, 1341 (1975) (cleaning up work site); *cf., e.g., B & J Crane & Rigging, Inc. v. Beker Resources Corp.,* 587 F.2d 1065, 1068 (10th Cir.1978) (rental of equipment) (decided under New Mexico law).

■ Although we have construed this statute narrowly in order to prevent its use as a "shield against paying a just obligation," *Olivas v. SibCO, Inc.,* 87 N.M. at 489, 535 P.2d at 1340; *cf. Peck v. Ives,* 84 N.M. 62, 66, 499 P.2d 684, 688 (1972) (adopting substantial compliance doctrine), and although we have examined statutory purposes when construing the ambiguous provisions of other licensing statutes, we cannot look beyond the express language of Section 60–13–30. *Cf. Measday v. Sweazea,* 78 N.M. 781, 784, 438 P.2d 525, 528 (Ct.App.1968) (distinguishing *Kaiser v. Thomson* from plumbing permit requirement); *cf. also Dow v. United States ex rel. Holley,* 154 F.2d 707, 710–11 (10th Cir. 1946); *Kennoy v. Graves,* 300 S.W.2d 568, 569–70 (Ky.1957); *Gene Taylor & Sons Plumbing Co. v. Corondolet Realty Trust,* 611 S.W.2d 572, 575 (Tenn.1981); *Fillmore Products, Inc. v. Western States Paving, Inc.,* 561 P.2d 687, 689–90 (Utah 1977) (suit allowed in absence of express statutory bar). It clearly bars suits by unlicensed contractors even when they seek compensation for construction work fully and satisfactorily performed.

## II. Equitable Defenses to Application of Statutory Bar.

■ Triple B argues that this Court should recognize certain equitable defenses to the assertion of the statutory bar. Where the contractor's failure to obtain a

proper license was induced by fraud on the part of the recipients of the work, Section 60–13–30 should not bar recovery by the contractor. *See Fischer v. Rakagis*, 59 N.M. at 470, 286 P.2d at 316–17 (quoting *Kaiser v. Thomson*, 55 N.M. at 275, 232 P.2d at 145 (Sadler, J., specially concurring)). Triple B here raises the equitable defenses of estoppel and unjust enrichment.

█ We need not determine whether a defendant may be estopped from asserting the Section 60–13–30 bar, for in this case it is obvious that Triple B failed to establish the elements of equitable estoppel. The party to be estopped, Brown & Root, did not engage in conduct amounting to a false representation and did not have knowledge of the real facts; the party claiming estoppel, Triple B, did not lack means of ascertaining its own status and did not rely to its detriment upon misleading conduct by Brown & Root. *Cf. Capo v. Century Life Ins. Co.*, 94 N.M. 373, 377, 610 P.2d 1202, 1206 (1980) (elements of equitable estoppel).

█ We will not recognize an equitable defense of unjust enrichment because the Legislature in Section 60–13–30 necessarily authorized the unjust enrichment of the recipients of work performed by unlicensed contractors. In order to protect the public from irresponsible or incompetent contractors, *see Peck v. Ives*, 84 N.M. at 63, 499 P.2d at 685, the Legislature chose to harshly penalize unlicensed contractors by denying them access to the courts to collect compensation for work performed. Its policy must override the judicial principle that disfavors unjust enrichment. *Cf. Schnoor v. Griffin*, 79 N.M. 86, 91, 439 P.2d 922, 927 (1968) (illegal gambling contract held unenforceable).

### III. Propriety of Directing a Verdict on Independent Contractor Status.

An independent contractor must allege and prove that it was a duly licensed contractor in order to maintain an action for compensation under Section 60–13–30. *See Campbell v. Smith*, 68 N.M. at 378, 362 P.2d at 526. An employee, however, need

not comply with the statute. *See Latta v. Harvey*, 67 N.M. at 76, 352 P.2d at 651. In our previous decision in this case, we held that a genuine issue of material fact existed as to whether Triple B performed work at the Hidalgo smelter facility in the capacity of an independent contractor or an employee of Brown & Root, and remanded to the district court for the taking of evidence. At the end of plaintiff's case, the court ruled that reasonable minds could not differ as to the fact that Triple B was an independent contractor and not an employee of Brown & Root at all material times, and directed a verdict in favor of Brown & Root. Alleging error on appeal, Triple B points to evidence in the record from which, it asserts, reasonable minds could determine that Triple B was an employee.

█ We often have held that the principal test for finding an employer-employee relationship is whether, aside from mere suggestions and the coordination of a larger undertaking, the employer has the right to exercise control over not only the results to be obtained but also the manner in which the details of the work are to be accomplished. *See Campbell v. Smith*, 68 N.M. at 377–78, 362 P.2d at 525–26; *see also Latta v. Harvey*, 67 N.M. at 75, 352 P.2d at 651; *cf. Shipman v. Macco Corp.*, 74 N.M. 174, 177, 392 P.2d 9, 11 (1964) (workmen's compensation case). In reviewing a judgment entered pursuant to a directed verdict, this Court is not authorized to consider only the evidence most favorable to the party resisting the motion, but must view all the evidence and all reasonable inferences decucible therefrom in the light most favorable to the party resisting the motion. *Skyhook Corp. v. Jasper*, 90 N.M. 143, 146, 560 P.2d 934, 937 (1977).

█ Triple B draws our attention to Brown & Root's detailed specifications for the application of insulation material to piping and equipment; to Brown & Root's issuance of written releases authorizing Triple B to work on particular pieces of equipment; to Brown & Root's designation of holidays for the Hidalgo smelter facility; and to Brown & Root's authority to direct

"out of scope" work. Standing alone, this evidence perhaps would present a question for the jury whether Brown & Root merely specified the desired results and coordinated work at the Hidalgo facility or whether Brown & Root controlled the manner in which Triple B did its work. In light of all the evidence concerning Triple B's relationship with Brown & Root, however, we agree with the district court that reasonable minds could not differ in concluding that Triple B was an independent contractor. The district court therefore did not err in granting Brown and Root's motion to direct a verdict on this issue of fact.

## IV. Dismissal of Quantum Meruit or Quasi-Contract Claim.

In its judgment, the district court found that Triple B's claim in quantum meruit or quasi-contract was "identical to and indistinguishable" from its contract claims. Triple B argues that this finding is erroneous and should be reversed on appeal.

We have held *supra* that Section 60–13–30 bars an unlicensed contractor from bringing suit under a breach of contract theory or a quantum meruit or quasi-contract theory. *See also Nickels v. Walker,* 74 N.M. at 549, 395 P.2d at 682; *Campbell v. Smith,* 68 N.M. at 378, 362 P.2d at 526; *Fischer v. Rakagis,* 59 N.M. at 468, 286 P.2d at 315; *Kaiser v. Thomson,* 55 N.M. at 274, 232 P.2d at 144–45. Triple B's various claims are indistinguishable in this regard, and the district court did not err in dismissing its quantum meruit or quasi-contract claim.

## V. Other Points on Appeal.

We need not reach the evidentiary questions raised by Triple B on appeal, including its attorney-client or work-product privilege claim. The disputed items of evidence were relevant to interpretation of the parties' contracts and to damages, but not to the determinative issues of Triple B's status as an independent contractor and estoppel. Any error in the district court's evidentiary rulings therefore was harmless. *Cf. Murphy v. Frinkman,* 92 N.M. 428, 431–32, 589 P.2d 212, 215–16 (Ct.App.1978)

(no reversible error where liability determined adversely to plaintiff). Nor need we reach the question whether the district court erred in granting partial summary judgment against Triple B on its claim for attorneys' fees. Assuming Texas law applies, Triple B would not be entitled to attorneys' fees because Triple B did not have a valid claim for services rendered or materials provided. *See* Texas Rev.Civ. Stat.Ann. art. 2226 (Vernon 1971), *repealed by* 1985 Tex.Sess.Law Serv. ch. 959, § 9(1) (Vernon). Any error in the court's ruling on attorneys' fees therefore was harmless. *Cf. Specter v. Specter,* 85 N.M. 112, 113, 509 P.2d 879, 880 (1973) (appellant must demonstrate that his rights were prejudiced by alleged error).

For the foregoing reasons, the judgment of the district court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and WALTERS, J., concur.